■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RICHARDSON, Appellant.—Judgment, Supreme Court, Bronx County, rendered March 13, 1974, convicting defendant, after a jury trial, of possession of a weapon as a felony and petit larceny, unanimously modified, on the law, and as a matter of discretion in the interest of justice, to the extent of reversing defendant's conviction of possession of a weapon and remanding the case for retrial on said charge. Except as so modified, said judgment is affirmed. Defendant was charged, *inter alia,* with robbing the complainant Bell at gunpoint on October 15, 1971; and of attempting to rob the same victim and of possessing a weapon on October 21, 1971. At the time of the events in issue defendant was a bartender and the often inebriated and less than articulate complainant was a customer of the establishment at which defendant was employed. Bell testified that several weeks prior to the October 15 incident defendant poured him a "tall" glass of whiskey for an undisclosed price on credit. Subsequently, according to Bell, defendant demanded $10 for the sale, which sum exceeded Bell's resources at the time. On October 15 Bell again returned to the bar at which time, according to his testimony, he was invited outside, whereupon defendant displayed a pearl handled gun, fired two shots at Bell's feet, knocked him down and removed $30 from his wallet. The aforesaid event did not deter Bell from his uninterrupted patronage of the same bar. Six days later (although Bell fixed the time at anywhere from three weeks to two months after the October 15 incident) Bell claimed defendant, again brandishing a weapon, asked the complainant for money. This time Bell walked away and summoned the police who relieved defendant of a gun which was strapped around his waist. Defendant testified in his own behalf. He averred that Bell had borrowed $30 from him in early September and that he succeeded in obtaining repayment on October 15 when Bell displayed three crumpled $10 bills which he "scooped" or "snatched" from Bell's hand. As for the incident of October 21, defendant testified that he and another customer were playing a shuffleboard game machine when a coat, hanging on a back edge thereof, fell to the ground. When appellant picked up the coat a gun and holster fell out. Bell was a witness to the finding of the gun. Defendant claims that later that evening he gave the gun to a uniformed officer who had been sitting in a patrol car parked across the street. Defendant's account of the events on these two critical dates was supported by disinter-

ested witnesses who testified in his behalf. We affirm appellant's conviction of petit larceny in connection with the October 15 incident, since even under his version of the occurrence Bell had a superior right to possess the $30, notwithstanding the alleged debt. (Penal Law, § 155.00, subd 5.) As for the possession count, the testimony of the police officers to the effect that the gun was removed from defendant's person, if credited, certainly supports the jury verdict. However, if the jury believed that defendant found the gun and gave it to the police, his properly explained temporary possession would not have been unlawful. *(People v Messado,* 49 AD2d 560.) Nevertheless, defendant's sufficiently articulated request for an appropriate charge as to innocent possession was not granted, constituting reversible error. Before concluding, we again note the inclusion of the previously condemned phrase "hearts and conscience" in the court's definition of proof beyond a reasonable doubt *(People v Ingram,* 49 AD2d 865; *People v Johnson,* 46 AD2d 123; *People v Harding,* 44 AD2d 800) and assume it will be excluded on the retrial. Concur—Murphy, J. P., Birns, Capozzoli, Lane and Lynch, JJ.