■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. BANKS, Appellant.—Appeal from a judgment of the Supreme Court, Chemung County, rendered September 4, 1975, upon a verdict convicting defendant of the crime of robbery in the first degree. The defendant was indicted on November 22, 1974 on three separate counts of robbery in the first degree for alleged violations of subdivisions 2, 3 and 4 of section 160.15 of the Penal Law, all arising from a single incident which occurred on November 9, 1974. On August 10, 1974 defendant leased property adjoining premises owned by the complainant and a partner. During the course of work conducted by the complainant on the partnership property, a garage collapsed causing damage to the defendant's vegetable garden and barbecue grill. The defendant subsequently demanded the sum of $50 for the damage to his property from the complainant's partner. On November 9, 1974 the defendant approached both partners while they were on their property and repeated his demand. When informed that the demand was excessive, the defendant went to his house, and later reappearing armed with a shotgun. As defendant walked towards the complainant, he discharged the gun into the air and demanded $40. When the complainant resisted, the defendant, according to the complainant, "lowered the gun directly, pointing it directly into my stomach". At this point the alleged debt was collected. The court charged the jury under subdivisions 2 and 3 of section 160.15 of the Penal Law, robbery in the first degree, and also under section 155.30 of the Penal Law, grand larceny in the third degree, as a lesser included offense. The court, however, refused defendant's request to charge the jury that they could consider as an affirmative defense to robbery in the first degree subdivision 1 of section 155.15 of the Penal Law, which provides: "In any prosecution for larceny committed by trespassory taking or embezzlement, it is an affirmative defense that the property was appropriated under a claim of right made in good faith". While a "larceny" has been committed when a person "with intent to deprive another of property or to appropriate the same to himself or to a third person * * * wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law, § 155.05, subd 1), a "robbery" has been committed when "in the course of committing a larceny [a person] uses or threatens the immediate use of physical force upon another person" (Penal Law, § 160.00). A robbery is thus a larceny which has been committed with the use of or the immediate threat of the

use of physical force. The peril to the victim and, therefore, to society is clearly greater when violence is used, or threatened to be immediately used, in the commission of a crime. The Legislature has apparently recognized this distinction in limiting the use of the affirmative defense that the property was taken "under a claim of right made in good faith", by the plain terms of subdivision 1 of section 155.15 of the Penal Law, to "larceny" and not robbery. We see no reason to expand the doctrine of self-help to allow it to be interposed as a defense by a person who has used actual or potential violence (see *State v Ortiz,* 124 NJ Super 189; *State v Russell,* 217 Kan 481; *Williams v State* 317 So 2d 425 [Miss]). We find it unnecessary to consider defendant's claim that subdivision 4 of section 160.15 of the Penal Law is unconstitutional in view of the fact that the count of the indictment alleging the violation of this subdivision was not submitted to the jury. We find no merit to defendant's remaining claim that the prosecutor exceeded the bounds of fair comment on the evidence. Judgment affirmed. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.