THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CORNELIUS HODGES, Appellant.

Second Department, December 30, 1985

APPEARANCES OF COUNSEL

*Philip L. Weinstein (David J. Williams* and *William E. Hellerstein* of counsel), for appellant.

*John J. Santucci, District Attorney (Seymour Roth* of counsel), for respondent.

## OPINION OF THE COURT

O'CONNOR, J. P.

Should a defendant who purchases contraband be entitled to assert a claim of right defense (Penal Law § 155.15 [1]) to a robbery charge when he allegedly used force to recover money spent in the purchase? For the reasons stated below, we answer this question in the negative and thus affirm a judgment convicting defendant of second degree robbery.

I

The facts of the case were hotly contested at trial. According to the People's witnesses, at approximately 10:00 P.M. on September 16, 1981, the complainant was confronted by defendant and an accomplice, both unknown to him, as he was attempting to leave a Queens apartment building. A struggle ensued. The assailants shoved the complainant back into the apartment building and threatened his life with a pistol if he continued to resist. Thereafter, defendant reached into the complainant's pocket and removed $9 while the complainant unwillingly handed over his large portable radio worth $217 which the accomplice had unsuccessfully tried to remove from his possession. When told to go upstairs, the complainant yelled "Please don't shoot me". A resident of the neighborhood heard the yell and called the police. Defendant and another suspect were arrested shortly thereafter.

Defendant took the stand in his own behalf and related a different version of the facts. According to him, he had approached the complainant a few days prior to the incident and purchased from him $5 worth of marihuana. Defendant subsequently discovered that the marihuana "wasn't really what it was supposed to be" and on the evening of the incident told complainant that he wanted his money back. A shoving match followed. After a while they "both got tired [and] both agreed to stop". Defendant asked, "Where is my five dollars?" and complainant gave him the money. Defendant denied taking a radio, punching or threatening the complainant, or carrying any sort of weapon that evening. In fact, he claimed that a companion who was waiting for him in a nearby restaurant owned and had with him the radio, not the complainant.

Faced with this conflicting version of the facts, the jury resolved the conflict in favor of the People, finding defendant guilty as charged. Prior thereto, however, defense counsel requested that the jury be instructed that defendant's alleged "claim of right" to a refund for the bad marihuana, if cred-

ited, should operate as a complete defense to the robbery charge (Penal Law § 155.15 [1]). The court denied the request. On appeal, defendant's sole contention is that he was denied due process of law and a fair trial when the trial court declined to charge the jury on the alleged claim of right defense (US Const 14th Amend; NY Const, art I, § 6). We cannot agree with this contention.

## II

As a preliminary matter, it bears noting that any entitlement to a claim of right charge even on the facts presented is dubious at best. Certainly under the version of the facts presented by the People, defendant was not so entitled, for it was the People's contention that complainant did not even know defendant, much less have prior dealings with him that could have justified a refund. Moreover, since the People maintained that defendant forcibly took $9 and a radio worth $217—an amount well in excess of the alleged $5 drug sale— any claim of right would be inapplicable (see, People v Coates, 64 AD2d 1, 13-14 [Titone, J., concurring]; Ann., 77 ALR2d 1363, 1375-1378). On the other hand, under the defense version of the facts, defendant initially sought from the complainant $5 that he believed rightfully belonged to him. Nevertheless, after an initial struggle, defendant and complainant "both got tired [and] both agreed to stop", whereupon the former asked for the $5 and the latter complied. By defendant's own testimony, then, complainant appears to have voluntarily returned the money after a cessation of hostility, and strictly speaking, no robbery or larcenous taking would have occurred. Under such a view of the facts, where no underlying claim took place, a claim of right defense would also have no application (cf. People v Harris, 109 AD2d 351, 366 [questionable whether extreme emotional disturbance defense applicable where defendant maintained homicide was an accident]).

Even were we to give defendant the benefit of any doubt (see, People v Watts, 57 NY2d 299) and assume for argument's sake that there was a reasonable view of the evidence under which he forcibly took the money he thought owing, we still believe that nisi prius committed no error in declining to instruct the jury on a claim of right defense. Penal Law § 155.15 (1) provides that "[i]n any prosecution for larceny committed by trespassory taking or embezzlement, it is an

affirmative defense that the property was appropriated under a claim of right *made in good faith"* (emphasis added). Accordingly, by the specific terms of the statute, the claim of right defense is only available in a larceny prosecution, not a robbery prosecution, as at bar. Moreover, in *People v Coates* (64 AD2d 1, *supra),* this court rejected the contention that the claim of right defense could be invoked in a robbery prosecution. In that case, the majority observed that " '[t]he peril to the victim and, therefore, to society is clearly greater when violence is used, or threatened to be immediately used, in the commission of a crime. The Legislature has apparently recognized this distinction in limiting the use of the affirmative defense that the property was taken "under a claim of right made in good faith", by the plain terms of subdivision 1 of section 155.15 of the Penal Law, to "larceny" and not robbery' " *(People v Coates, supra,* at p 10, quoting from *People v Banks,* 55 AD2d 795, 796). The court went on to conclude that "[u]ltimately we are concerned with a question of policy * * * [and an] individual must be precluded from relying on the illegality of his own activity as a justification for violent self-help in recovering his losses" *(People v Coates, supra,* at p 11; *cf. People v Richardson,* 55 AD2d 514). We see no cogent reason at bar to depart from this thoughtful and well-reasoned precedent, particularly since defendant was, by his own admission, involved in an illegal purchase of marihuana and has absolutely no legally cognizable right—common law or statutory—to recoup expenditures made in such an illegal transaction, much less through the use of force *(see, Meech v Stoner,* 19 NY 26; *People v Coates, supra,* at pp 8-10; *Cates v State,* 21 MD App 363, 320 A2d 75, 79).

## III

Acknowledging our prior holding, as he must, defendant nevertheless contends that the "limited application of the claim of right defense" indicated in *Coates (supra)* "is no longer tenable" in light of the more recent Court of Appeals decision in *People v Chesler* (50 NY2d 203) and hence, nisi prius' refusal to charge a claim of right defense was indeed erroneous. We see nothing in the cited Court of Appeals case, however, that undermines the vitality of our prior ruling. In the first place, the precise holding of our highest court was that Penal Law § 155.15 (1) was unconstitutional insofar as it burdened a defendant with establishing the claim of right defense; the defense, indicated *Chesler (supra,* at p 207), was

not an "affirmative defense", but rather an "ordinary defense", to be disproven by the People beyond a reasonable doubt. In the second place, *Chesler* was itself a larceny case, and the Court of Appeals therein did not, and had no reason to, assess the applicability of the defense when an alleged claim of right is effectuated through the use of physical force. In stark contrast, this court squarely addressed the issue in *Coates (supra)* and unequivocally concluded that "any alleged claim of right is entirely irrelevant when the larceny has been accomplished by the use of, or immediate threat of the use of, physical force" *(People v Coates, supra,* at p 10). *Chesler,* which left this issue open, requires no contrary result.

## IV

It is indeed true, as defendant points out, that several jurisdictions recognize a good-faith claim of right as a defense to both larceny and robbery *(see, e.g., People v Butler,* 65 Cal 2d 569, 55 Cal Rptr 511, 421 P2d 703 [1967]; *Commonwealth v Larmey,* 14 Mass App 287, 438 NE2d 382 [1982]; *People v Holcomb,* 395 Mich 326, 235 NW2d 343 [1975]; *Pierce v Commonwealth,* 205 Va 528, 138 SE2d 28 [1964]). Nevertheless, we believe the better position has been adopted by those jurisdictions which have rejected the defense in robbery cases *(see, e.g., Moyers v State,* 186 Ga 446, 197 SE 846 [1938]; *People v Uselding,* 107 Ill App 2d 305, 247 NE2d 35 [1969]; *State v Russell,* 217 Kan 481, 536 P2d 1392 [1975]; *Cates v State,* 21 Md App 363, 320 A2d 75 [1974], *supra; Williams v State,* 317 So 2d 425 [Miss 1975]; *State v Ortiz,* 124 NJ Super 189, 305 A2d 800 [1973]; *Crawford v State,* 509 SW2d 582 [Tex Crim App 1974]). As the New Jersey Appellate Division eloquently stated in *State v Ortiz* (124 NJ Super 189, 192, 305 A2d 800, 802, *supra),* the proposition that a claim of right negates the felonious intent in robbery "not only is lacking in sound reason and logic, but it is utterly incompatible with and has no place in an ordered and orderly society such as ours, which eschews self-help through violence. Adoption of the proposition would be but one step short of accepting lawless reprisal as an appropriate means of redressing grievances, real or fancied". And in explicitly overruling a 1921 precedent that had permitted the defense, a Texas court in *Crawford v State (supra,* at p 585) alluded to the defense as a dangerous doctrine which authorizes an accused not only to decide his own damage but to enforce an alleged debt by force and violence. Based on statutory and case law, New York, seeking

to preserve a peaceful society, has aligned itself with those jurisdictions that do not allow this defense in robbery cases. There should be no change of position.

## V

In sum, in reaffirming the continued vitality of *People v Coates (supra),* we hold that this defendant may not raise a claim of right as a defense to a robbery prosecution. Accordingly, the judgment convicting defendant of robbery in the second degree should be affirmed.

NIEHOFF, RUBIN and LAWRENCE, JJ., concur.

Judgment of the Supreme Court, Queens County, rendered March 12, 1982, affirmed.