■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROD BROWN, Respondent.—Order of the Supreme Court, Bronx County (Lawrence W. Martin, Jr., J.), entered on or about March 15, 1985, which granted defendant Rod Brown's motion to suppress statements made to Police Officers Madigan, Accordino and Frain, unanimously modified, on the law, to deny defendant's motion as to those statements made by him to Officer Madigan, and except as modified, affirmed.

Defendant was arrested on February 17, 1984 as a suspect in a homicide. It is undisputed that at the time of his arrest defendant was represented by counsel in an unrelated criminal matter. Following his arrest defendant was taken to the 44th Precinct and placed in a holding cell pending the arrival of Officer Accordino, the detective assigned to investigate the homicide. Before Accordino appeared, defendant, at his request, was escorted to the bathroom by Detective Madigan. Defendant inquired of Madigan, "Why am I here?" Madigan, who was aware that defendant had not been read his *Miranda* rights, answered that he could not speak with defendant and that defendant should await the arrival of Accordino. When defendant insisted upon being told the reason for his arrest, Madigan told him that he had been arrested for a homicide. Defendant responded, "Oh, I guess the guy died?" Madigan replied that he supposed the victim had died. Defendant began

to speak again but was cautioned by Madigan not to talk because his lawyer was not present. Not heeding Madigan's warning, defendant, pointing to a bruise near his eye, said, "I don't care about that. Did you see what the guy did to me?"

Upon his arrival at the precinct, Accordino advised defendant that he was being charged with murder. Accordino also advised defendant that his representation by counsel in an unrelated criminal matter prevented any discussion between them except as to routine pedigree information. Thereafter, Accordino read defendant his *Miranda* rights directly from the preprinted police department form. He concluded his reading by asking, "Now that I have advised you of your rights are you willing to answer questions?" Defendant immediately stated that the victim had threatened to kill him so he (defendant) got his knife and stabbed him.

Criminal Term ruled that the statements made by defendant to Madigan, although voluntary, were inadmissible since defendant was in custody at the precinct and had not yet been given his *Miranda* warnings. As to defendant's statements to Accordino, the court ruled that they too were voluntary but should nevertheless be suppressed because defendant's counsel was not present as required for defendant's waiver of rights to be valid.

A defendant represented by counsel in a pending though possibly unrelated criminal proceeding may not be interrogated in the absence of counsel unless the right to counsel is waived in counsel's presence. *(People v Bartolomeo,* 53 NY2d 225.) Statements by a defendant obtained in violation of this rule warrant suppression. *(Supra.)* Voluntary and spontaneous statements made by a defendant to investigative authorities in counsel's absence are, however, admissible in evidence *(People v Maerling,* 46 NY2d 289; *People v Lynes,* 49 NY2d 286).

As defendant was represented by counsel, the admissibility of the above-quoted statements, addressed to Officers Madigan and Accordino out of counsel's presence, depends on whether they were voluntarily and spontaneously made. We agree with Criminal Term that the statements to Madigan were voluntary, but disagree that they require suppression because *Miranda* warnings had not yet been given. Failure to administer *Miranda* warnings is a ground for suppression only where the statement whose admission is sought is the product of custodial interrogation. *(Miranda v Arizona,* 384 US 436, 478 [1966].)* While defendant was certainly in custody, it cannot be said that his statements to Madigan were elicited by interro-

gation. The conversation between Madigan and defendant was initiated solely by defendant, who insisted upon speaking his mind despite Madigan's repeated warnings that defendant should say nothing. Under these circumstances we conclude that defendant's statements were not only voluntary but spontaneous and do not require suppression either by reason of the absence of *Miranda* warnings or of counsel.

A different conclusion is dictated by the circumstances under which defendant's incriminating statements to Officer Accordino were made. Accordino's inquiry at the conclusion of the *Miranda* warnings as to defendant's willingness to answer questions invited defendant to waive his right to remain silent and his right to the assistance of counsel during interrogation. That defendant voluntarily accepted this invitation is of no moment. Once it attaches, a defendant's right to counsel during interrogation may not be waived except in counsel's presence. *(People v Bartolomeo, supra.)* A waiver which may not be validly made is no more validly invited. Defendant's statements, triggered by Accordino's improper invitation, cannot be characterized as spontaneous and must, therefore, be suppressed. *(See, People v Jamison,* 73 AD2d 853.)

As the People have properly conceded the inadmissibility of the statements made by defendant to Officer Frain, Criminal Term's suppression of those statements is affirmed without further comment. Concur—Murphy, P. J., Carro, Lynch, Rosenberger and Wallach, JJ.