■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered February 25, 1986, convicting him of robbery in the first degree, grand larceny in the third degree (two counts), criminal possession of stolen property in the second degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On this appeal, the defendant contends that the jury's verdict acquitting him of criminal possession of a weapon in the fourth degree is repugnant and inconsistent with its verdict that he was guilty of robbery in the first degree, which was based upon his use or threatened use of a knife. The defendant claims that his acquittal on the weapons count necessarily negated a required element on the robbery count because in order to use or threaten the use of a weapon, it had to be found that he unlawfully possessed the weapon.

We find the defendant's arguments unpersuasive in view of the trial court's charge which clearly instructed the jury that the weapons charge and robbery charge were separate offenses to be considered independent of each other *(see, People v Tucker,* 55 NY2d 1, *rearg denied* 55 NY2d 1039). Moreover, as stated by the trial court in rejecting the defendant's claim of repugnancy, the court's charge pointed out to the jury that the specific intent required under the robbery count refers only to the "forcible stealing" element, and not to the element concerning the "use or threatened use" of a weapon. On the other hand, under the weapons count, the court instructed the jury that specific intent was required both as to the "knowing possession" and the intended "unlawful use" elements of the crime.

We also find no merit to the defendant's claims of prosecutorial misconduct, consisting, in the main, of improper cross-examination of the defendant and prejudicial comments on summation. Many of the defendant's claims were not properly preserved for appellate review *(see, People v Love,* 57 NY2d 1023). In any event considering the record as a whole, and in

view of the overwhelming evidence of the defendant's guilt, we find that he was not deprived of his fundamental right to a fair trial *(see, People v Arce,* 42 NY2d 179). Bracken, J. P., Weinstein, Spatt and Sullivan, JJ., concur.