The cases of *People v Briggins (supra)* and *People v Johnson* (96 AD2d 1083, *affd* 63 NY2d 888, *rearg denied* 64 NY2d 647), are inapposite here, as the requisite element of fraudulent intent was absent in those cases. Similarly, the "falsely made" analysis in *People v Briggins (supra)* is unavailing. That precise analysis was previously set forth in exhaustive detail in two forgery prosecutions involving facts virtually identical to those at bar *(see, People v Kirk,* 115 AD2d 758, 759 [Brown, J., dissenting], *affd* 68 NY2d 722; *People v Bigus,* 115 AD2d 751, 752 [Brown, J., dissenting], *affd* 68 NY2d 723). In each of these cases, the Court of Appeals clearly found the analysis unpersuasive due to the presence of fraudulent intent in the signing of the fingerprint cards *(see, People v Kirk,* 68 NY2d 722, *supra; People v Bigus,* 68 NY2d 723, *supra).* Hence, a similar result is dictated in the present case. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT JOHNSON, True Name VINCENT SIMPSON, Appellant. —Appeal by the defendant, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Linakis, J.), rendered October 18, 1985, as convicted him of robbery in the first degree, upon a jury verdict, and imposed sentence.

Ordered that the judgment is reversed insofar as appealed from, on the law, that count of the indictment charging robbery in the first degree is dismissed, and the sentence imposed thereon is vacated.

It is well established that whether a verdict in a case involving a multiple-count indictment is repugnant is to be determined solely on the basis of the trial court's charge. "The critical concern is that an individual not be convicted for a crime on which the jury has actually found that the defendant did not commit an essential element" *(People v Tucker,* 55 NY2d 1, 6, *rearg denied* 55 NY2d 1039).

The defendant contends that the jury's verdict convicting him of robbery in the first degree is repugnant to the verdict acquitting him of criminal possession of stolen property in the third degree for possession of the item he allegedly stole from the victim. He claims that his acquittal on the possession count necessarily negated a requisite element of the robbery

count because in order to steal the item from the victim, he had to possess it.

The trial court specifically charged that to convict the defendant of robbery the jury had to find that he stole property. The court defined stealing as a taking and defined the term "takes property" as "to exercise control over the property permanently". In its charge with respect to criminal possession of stolen property, the court defined the term "possess" to mean "to take physical possession or otherwise, to exercise dominion and control" over tangible property. Clearly, if the defendant exercised permanent control over the property, he exercised "dominion and control" over that same property at the same time.

Under the charge in this case, the defendant could not have committed the crime of robbery without also having committed the crime of criminal possession of stolen property. However, he was acquitted of criminal possession of stolen property. Therefore, the conviction of robbery in the first degree must be reversed and that count of the indictment dismissed. Bracken, J. P., Niehoff and Kooper, JJ., concur.

Rubin, J., dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum, in which Weinstein, J., concurs: The defendant contends that the jury's verdict convicting him of robbery in the first degree is repugnant to its verdict acquitting him of criminal possession of stolen property in the third degree for possession of the item he stole from the victim. He claims that his acquittal on the possession count necessarily negated a required element of the robbery count because in order to steal the item from the victim, he had to possess it.

This argument is unpersuasive in view of the trial court's charge, which clearly instructed the jury that the robbery charge and the possession charge were separate offenses to be considered independent of each other (see, People v Tucker, 55 NY2d 1, rearg denied 55 NY2d 1039; People v Johnson, 130 AD2d 767, lv granted 70 NY2d 649).