■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WALKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered June 30, 1986, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On this appeal the defendant contends that the jury's verdict was repugnant because he was convicted of assault in the first degree under Penal Law § 120.10 (3) (reckless endangerment) but acquitted of criminal possession of a weapon in the second degree under Penal Law § 265.03, because, in order to have assaulted the victim, the defendant would necessarily have had to possess the gun in accordance with the charge of the trial court.

We find this argument to be without merit. The crime of assault in the first degree under Penal Law § 120.10 (3) requires a finding that the defendant evinced a depraved indifference to human life when he recklessly engaged in conduct which created a grave risk of death to the victim and thereby caused serious injury to him. The crime of criminal possession of a weapon in the second degree under Penal Law § 265.03 requires a finding that the defendant possessed a firearm with intent to use it unlawfully against another. In

this case the defendant pointed out the victim to his brother who possessed the gun, said "That's him", stood by while his brother shot the victim in the face, and fled. Pursuant to the charge, which properly described the elements of each of the crimes to the jury, the defendant was properly acquitted of the weapons possession charge and convicted of the reckless assault charge *(People v Johnson,* 130 AD2d 767, *affd* 70 NY2d 819).

We find the defendant's contention that the statement he made at the police station prior to receiving the *Miranda* warnings should be suppressed also to be unpersuasive. The defendant voluntarily accepted the officer's invitation to go to the police station with him and was accompanied by his mother and another brother. His statement that he had previously been bitten on the ear in a fight and that he had then been in the hospital that whole day and at home in bed on the night of the shooting incident was not made under circumstances in which a reasonable man innocent of any crime would have considered himself to be in custody *(see, People v Yukl,* 25 NY2d 585, *mot to amend remittitur denied* 26 NY2d 883, *cert denied* 400 US 851). Moreover, the defendant's second statement, made some four hours later, admitting that he was at the scene but had no knowledge that his brother intended to shoot the victim, was given after the defendant had received the *Miranda* warnings.

Viewing the evidence in the light most favorable to the prosecution, we conclude that it was legally sufficient to establish the defendant's guilt *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are also satisfied that the jury's verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the defendant's contention that his sentence was excessive is without merit. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.