OPINION OF THE COURT
Jeffry H. Gallet, J.
Respondent moves to set aside the fact-finding verdict of robbery in the second degree (Penal Law § 160.10 [1]) in this delinquency proceeding on the grounds that it is repugnant, inconsistent and against the weight of the evidence.
THE ISSUE
At issue is whether a "claim of right” to an identifiable, nonfungible piece of personal property may be a defense to robbery.
*783 THE FACTS
After trial, I found beyond a reasonable doubt that the complainant, while walking in the park, came upon a radio/ tape player (radio) which was in such a condition, and which was found under such circumstances, to reasonably lead the 10-year-old complainant to believe that it had been abandoned. The complainant took possession of the radio, left the park and was walking on a city street when he was accosted by the respondent and another. Without any conversation, the complainant was slapped in the face, the radio was taken from his possession and the respondent and his companion fled.
As a defense, the respondent presented evidence of ownership of the radio. As a result of that evidence, I did not find that he was not the owner beyond a reasonable doubt and dismissed the count of criminal possession of stolen property in the fifth degree (Penal Law § 165.40).
THE LAW
In applying the law to this question I note that the Penal Law should not be strictly construed but, rather, an interpretation of its sections should be made "according to the fair import of their terms to promote justice and effect the objects of the law.” (Penal Law § 5.00; People v Hedgeman, 70 NY2d 533; People v Ditta, 52 NY2d 657.)
The respondent argues, essentially, as follows. A robbery is a larceny involving the use or threat of force. (Penal Law § 160.00.) He further argues that a larceny requires depriving "an owner” of his property. (Penal Law § 155.05 [1].) Therefore, he submits, since there was no finding beyond a reasonable doubt that he was not the owner of the property, the robbery conviction must fall.
In the 1987 case of People v Reid (69 NY2d 469), the Court of Appeals declined to rule on the issue of whether or not a "claim of right” would be a defense to a charge of robbery involving recovery of identifiable, nonfungible property. The Reid court did hold, however, that a claim of right does not defeat a charge of robbery where recovery of cash is involved. Three Appellate Divisions have previously similarly held. (People v Hodges, 113 AD2d 514 [2d Dept 1985]; People v Coates, 64 AD2d 1 [2d Dept 1978]; People v Banks, 55 AD2d 795 [3d Dept 1976]; People v Richardson, 55 AD2d 514 [1st Dept 1976].)
*784 Each of the cited decisions deals with the use of force to recover cash. In this case, the property, a radio, is nonfungible and identifiable. Respondent argues that he should not be convicted of robbery for recovering his own radio. I disagree.
To accept respondent’s argument would require me to rule that the social compact does no more than put a thin veneer of respectability on the law of the jungle. It would be an endorsement of the principle that, without the processes of law, one could merely take to the streets with bands of her or his friends to enforce whatever rights to property she or he may believe she or he has to certain property, comfortable in the fact that so long as the State cannot prove beyond a reasonable doubt that the property does not belong to him or her a successful prosecution for robbery will not lie. That is unacceptable. As the Hodges court said, citing State v Ortiz (124 NJ Super 189, 192, 305 A2d 800, 802), "the proposition that a claim of right negates the felonious intent in robbery 'not only is lacking in sound reason and logic, but it is utterly incompatible with and has no place in an ordered and orderly society such as ours, which eschews self-help through violence. Adoption of the proposition would be but one step short of accepting lawless reprisal as an appropriate means of redressing grievances, real or fancied’ ”. (People v Hodges, supra, at 518.)
Another weakness in the respondent’s argument is that if it is accepted, it creates an unacceptable legal anomaly. If a person not in possession of property wishes to recover its possession, she or he must prove a right to possession by a preponderance of the evidence. Under the logic of respondent’s argument, a person out of possession of a piece of property could take its possession so long as it could not be proved beyond a reasonable doubt that he or she was not entitled to possession.
The definition of " 'owner’ ” as found in Penal Law § 155.00 (5) is quite different from the common meaning of that word or its definition in the civil law. For example, under the Penal Law, a thief is deemed to be an "owner” and a person stealing from a thief is guilty of larceny. Furthermore, a lienor may be an "owner” as opposed to the person in whom legal title rests. (People ex rel. Travis v Sheriff, 275 App Div 444 [3d Dept 1949].) "Indeed, even a true owner or title holder can be guilty of larceny with respect to his own property where someone else, for example a garage or repair .person’s lienor, has a superior right to possession for the moment”. (People v Wal *785 den, 124 Misc 2d 615, 620 [Sup Ct, NY County 1984], mod 120 AD2d 362 [1st Dept 1986].)
Accordingly, under the facts of this case, the "claim of right” defense must be rejected. An innocent holder of a piece of property should have no lesser right to protection under the larceny and robbery statutes than a thief. (Penal Law §§ 5.00, 155.00 [5]; People v Hedgeman, supra; People v Ditta, supra.)
In coming to the conclusion that a failure to find beyond a reasonable doubt that the property does not belong to the respondent is not by itself cause for dismissal of the robbery count, I am not unaware of the recent holding of the Appellate Division, Second Department, in People v Johnson (133 AD2d 175 [2d Dept 1987]). That case is distinguishable from the one before me. Under the unique facts of that case, and the particular charge to the jury, the Appellate Division found that the jury could not have found the requisite degree of possession of the property for the robbery count and not have also found it for the criminal possession of stolen property count. Possession is not an issue here. The issue is whether a person in innocent possession of property, the title of which may be in another, may be subjected to force by one trying to recover the property under a claim of right. That issue was not addressed by the Appellate Division in Johnson.
DECISION
Respondent's motion to set aside the delinquency finding is denied in all respects.