■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ANTONIO LOPEZ, Appellant.—Judgment, Supreme Court, New York County (Allan Murray Myers, J., at competency hearing; Harold Rothwax, J., at suppression hearing, trial and sentence), rendered July 10, 1986, which convicted defendant, after a jury trial, of conspiracy in the second degree and attempted murder in the second degree and sentenced him, as a second felony offender, to concurrent indeterminate prison terms of 12½ to 25 years on each count, is unanimously affirmed.

Lawrence Fishman hired Antonio Martinez and defendant to kill his wife. Sometime after their plan was formulated, defendant and another man were driven to the neighborhood where Mrs. Fishman worked. Defendant fired several shots at her. The bullets grazed Mrs. Fishman but she escaped without serious injury.

Soon thereafter, defendants were identified by the driver of the car through a photograph. In October 1985, Martinez made a confession to the police, explaining the planned killing.

Two weeks later, Lawrence Fishman was arrested. On November 5, 1985, several officers were notified that defendant had been arrested in New Jersey for disorderly conduct. Although a New York arrest warrant had not yet been issued nor had an extradition request been prepared, the officers went to the New Jersey jail to await the processing of the warrant and extradition request. The officers were told not to question defendant until an arrest warrant had been prepared.

Once the officers arrived at the jail and introduced themselves as officers to defendant, defendant insisted on speaking to them. The officers told defendant they could not speak with him because an arrest warrant was being prepared. Defendant, however, insisted. The officers read him his *Miranda* rights. Defendant acknowledged his understanding of his rights and made a statement as to his part in the conspiracy. The police officers only asked some minor questions for clarification. Defendant also made several statements on his way back to New York the next day.

In denying the suppression motion, Criminal Term determined that the statements taken from defendant in the New Jersey jail and on his way back to New York were not involuntary or obtained in violation of his *Miranda* rights.

Defendant urges that when he made his statements to the officers, a felony complaint had already been filed and, therefore, his "indelible" right to counsel had attached. Consequently, defendant asserts that he could not waive his rights in the absence of an attorney, and his statements must therefore be suppressed.

While a claimed violation of the right to counsel may be raised for the first time on appeal, a factual record sufficient to resolve the claim must have been developed at the hearing *(People v Kinchen,* 60 NY2d 772, 774). Since defendant's right to counsel claim was not raised at the hearing, there is no record on which to determine exactly when the felony complaint was filed. It thus cannot be determined when defendant's right to counsel actually attached. While the date stamped on the felony complaint is November 5, 1985 (the day the officers questioned appellant at the New Jersey jail), it is not clear whether the stamp refers to the date the complaint was drawn up or the date it was actually filed.

In any event, assuming, arguendo, that the right to counsel had attached prior to the making of the statements, they were unprompted and spontaneously uttered by defendant and clearly not the result of any police conduct or questioning. Thus, the statements were admissible *(see, People v Rivers,* 56 NY2d 476, 479-480; *see also, People v Brown,* 121 AD2d 967).

Prior to trial, defendant was ordered to be examined to determine if he was competent to stand trial. Two psychiatrists extensively examined defendant and concluded that he was fit to proceed. Following a hearing, Criminal Term found that defendant was competent to stand trial.

Despite unequivocal testimony from both psychiatrists that defendant's medication would have no effect on his fitness to stand trial, defendant maintains that his ability to aid in his defense was impaired because the medication slowed his reaction to questions.

The court was fully entitled to credit the medical testimony of the two psychiatrists. Indeed, one psychiatrist explained that during an hour-long interview with defendant, who had been on medication, he had been attentive and cooperative. Even if defendant had suffered from slow reactions from the medication, that fact alone would not have rendered him incompetent. In fact, the record demonstrates that defendant clearly understood the proceedings against him *(see, e.g., People v Bornholdt,* 33 NY2d 75, 89).

At the trial, both Martinez and defendant were tried at the same time. Each had made statements inculpating the other. Criminal Term, applying the then-governing law, redacted those portions of the statements which did not interlock and gave extensive instructions limiting the jury's consideration of each confession to the defendant who made it.

Based on *Cruz v New York* (481 US 186), defendant asserts that the admission of Martinez's statements was prejudicial and not harmless beyond a reasonable doubt. As the record reveals, however, defendant's guilt of the shooting did not depend on Martinez's statements. In fact, Martinez was not even present when the shooting took place. That defendant actually shot Mrs. Fishman was established by the testimony of two eyewitnesses; his presence at the scene was confirmed by the testimony of the driver and defendant's own confession. While Martinez's statement did detail defendant's involvement in the conspiracy, that charge was also independently proven by the same evidence that proved defendant's guilt of the shooting, along with evidence of at least one meeting with his fellow conspirators and phone calls to and from Fishman.

In sum, the statements of Martinez added little, if anything, to the overwhelming evidence of defendant's guilt in the conspiracy and the actual attempted murder and, therefore, defendant was clearly not prejudiced by the introduction of Martinez's statements at their joint trial *(see, People v Hamlin,* 71 NY2d 750, 758).

We have considered defendant's other claims and find them to be without merit. Concur—Murphy, P. J., Kupferman, Asch, Wallach and Rubin, JJ.