■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR RICHARD BAGAROZY, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered October 23, 1989, convicting defendant, after a bench trial, of sodomy in the second degree and sentencing him as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years, unanimously affirmed.

Defendant has failed to provide a record which supports his contention that a *Sandoval* hearing was conducted in his absence in violation of his due process right to be present at all material stages of the proceedings. Absent such a record there is no basis upon which to review the claim *(People v Charleston,* 54 NY2d 622; *People v Lopez,* 160 AD2d 335, *lv denied* 76 NY2d 791; *People v Clendinen,* 173 AD2d 366). The record and the court's memoranda reflect no such *Sandoval* hearing, only that during a colloquy with the court defendant consented to an arrangement whereby defendant waived his right to a trial by jury and the court stated that it would not consider evidence of defendant's prior conviction in the conduct of the instant case *(see, People v Rivera,* 162 AD2d 728).

Defendant claims that he was deprived of effective assistance of counsel on the basis of counsel's purported failure to call a witness who allegedly would have provided exculpatory testimony. Further, defendant alleges that his attorney should have called him as a witness in his own defense. This postverdict motion was improperly brought pursuant to CPL 330.30. The appropriate vehicle by which to allege ineffective assistance of counsel grounded in allegations referring to facts outside of the trial record is pursuant to CPL 440.10, where matters dehors the record may be considered. Appellant's application to strike respondent's brief is denied. Concur—Murphy, P. J., Ellerin, Wallach, Asch and Rubin, JJ.