■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT A. DENNIS, Appellant. [612 NYS2d 255] —Weiss, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 22, 1992, upon a verdict convicting defendant of the crimes of burglary in the second degree and burglary in the third degree.

At approximately 9:00 P.M. on February 15, 1992, defendant was arrested on a warrant charging him with assault and taken to jail in the Village of Massena, St. Lawrence County, where, after *Miranda* warnings were read to him, he declined to answer questions *(see, People v Samuels,* 49 NY2d 218; *People v Settles,* 46 NY2d 154). The declination was in response to a question on the arresting officer's *Miranda* card which followed the recitation of five specific rights. The question read as follows: "Now that I have advised you of your rights are you willing to answer my questions without an attorney?" Defendant neither requested legal counsel nor help in that regard, and in fact was not represented on the assault charge.

Early the next morning certain individuals approached the State Police with evidence implicating defendant in a number of burglaries (totally unrelated to the pending assault charge) and informed the State Police that defendant was in the Massena jail. Investigators proceeded to the jail to interview him. He indicated a general willingness to talk to the investigators and, after *Miranda* warnings were again read, he did answer questions but denied involvement in the burglaries. Shortly into the interview the investigator displayed some of the stolen items and defendant then asked to speak privately

with his girlfriend. After that conversation, he indicated a willingness to talk and *Miranda* warnings were read to him a third time, after which he made an inculpatory statement later reduced to writing. Defendant was indicted on two burglary counts and moved to suppress his statement prior to commencement of the trial. The motion was denied after a hearing and defendant was convicted after trial. This appeal ensued.

Defendant contends that his statement was taken in violation of his right to legal counsel, arguing that his incarceration on the unrelated assault warrant and his declination to be questioned relative thereto resulted in the indelible attachment of his right to legal counsel. We do not agree. Initially, we observe that defendant's declination to be questioned was neither the invocation of his right to legal counsel nor a request for the assistance of an attorney. Moreover, defendant's *right to counsel* on the pending assault charge had already indelibly attached regardless of his responses to the warnings read to him on February 15, 1992 *(see, People v Samuels,* 49 NY2d 218, *supra).*

The general rule is that the pendency of an unrelated charge (here the assault), by itself, does not bar the police from questioning a suspect on an entirely different matter when the suspect is not in fact represented by counsel on the pending charges *(People v Ruff,* 81 NY2d 330, 333; *People v Kazmarick,* 52 NY2d 322). Here, defendant *was not represented and had not requested counsel* on the assault charge, and accordingly, the interrogation on the burglaries after his unambiguous and voluntary waiver of *Miranda* rights was not violative of his constitutional rights *(see, People v Rosa,* 65 NY2d 380, 388; *People v Beekman,* 193 AD2d 842, 843, *lv denied* 82 NY2d 713; *see also, McNeil v Wisconsin,* 501 US 171; *Arizona v Roberson,* 486 US 675; *People v Bing,* 76 NY2d 331). Simply put, an attorney-client relationship must exist as the result of a defendant's request for counsel, not merely by reason of the indelible attachment of his or her right to counsel once formal criminal proceedings had been commenced *(People v Ruff, supra,* at 333; *People v Kazmarick, supra,* at 328).

We find no merit to defendant's remaining contention concerning the inadequacy of his representation by counsel. The record fails to support defendant's bald conclusory allegations focused on a lack of meaningfulness in his legal representation because of a delayed request for a *Huntley* hearing

*(People v Huntley,* 15 NY2d 72; *see, People v Baldi,* 54 NY2d 137).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.