■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WERGEN, Appellant. [673 NYS2d 253] —Mercure, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered August 19, 1996, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (four counts), burglary in the third degree (four counts), grand larceny in the fourth degree, criminal mischief in the third degree (three counts), petit larceny (four counts), grand larceny in the third degree, criminal possession of stolen property in the fifth degree, criminal mischief in the second degree and criminal mischief in the fourth degree (two counts).

In October 1995, defendant was arrested on an arrest warrant issued in connection with a charge of criminal possession of stolen property in the fifth degree. He was immediately read his *Miranda* rights and transported to a police station. While defendant was being fingerprinted approximately one-half hour later, the arresting officer asked defendant about the origin of a cut on his finger. Defendant replied that "the State Police thought that he had gotten [the cut] during a burglary that he committed". The arresting officer then commented that police were investigating burglaries where there was blood left at the scene. Several minutes later and without further police inquiry, defendant made an inculpatory statement confessing to his involvement in a burglary that was related to the current charge against him. When police proceeded to question him regarding a number of unrelated burglaries, defendant made incriminating oral and written statements that lead to his arrest and indictment for additional crimes.

Following the denial of his motion to suppress the inculpatory statements, defendant was permitted to satisfy a 23-count indictment with guilty pleas to four counts of burglary in the second degree, four counts of burglary in the third degree, grand larceny in the fourth degree, three counts of criminal mischief in the third degree, four counts of petit larceny, grand larceny in the third degree, criminal possession of stolen property in the fifth degree, criminal mischief in the second degree

and two counts of criminal mischief in the fourth degree. He was sentenced as a second felony offender to an aggregate prison term of 7¹/₂ to 15 years.

Defendant appeals, contending that his inculpatory statements should have been suppressed because they were made after his right to counsel had indelibly attached. To the extent that the argument is properly before us, we are unpersuaded. Although defendant's right to counsel indelibly attached upon the filing of the accusatory instrument that formed the basis of the arrest warrant (*see, People v Rivers*, 56 NY2d 476, 479; *People v Payne*, 233 AD2d 787, 788), it is undisputed that his initial statement was spontaneously made without police encouragement and was therefore admissible (*see, People v Masterson*, 248 AD2d 825). Furthermore, there was no basis for suppression of defendant's remaining statements concerning unrelated crimes inasmuch as he had neither requested nor obtained counsel in connection with the charge that was pending against him (*see, People v Ruff*, 81 NY2d 330; *People v Dennis*, 204 AD2d 812, *lv denied* 84 NY2d 825; *People v Beekman*, 193 AD2d 842, *lv denied* 82 NY2d 713).

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.