■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADY W. O'HANLON, Appellant. [675 NYS2d 404] —Graffeo, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered February 28, 1997, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree (three counts), unlaw-

ful imprisonment in the first degree (two counts), assault in the third degree (two counts), petit larceny and criminal mischief in the fourth degree.

On May 2, 1996, defendant was questioned at his home by State Police investigators in relation to an assault and robbery of two individuals in the Town of Ithaca, Tompkins County. Defendant voluntarily accompanied the two investigators to the police station and was advised of his *Miranda* rights while in transit. Upon arrival at the station, an interrogation ensued after *Miranda* warnings were reissued. Defendant denied involvement in the incident and approximately 20 minutes after the questioning began, he requested an attorney. Shortly thereafter, defendant was advised that he was under arrest. After discussing the nature of the charges and arrest procedures, defendant expressed a desire to cooperate and indicated that he no longer desired an attorney. During a second interrogation, defendant admitted his involvement in the crimes and agreed to accompany an investigator to his home to retrieve certain items used in the incident. After being returned to the police station, defendant was fingerprinted and photographed. Thereafter, defendant and an alleged accomplice were transported to Town Court for arraignment. While passengers in the police vehicle, the two suspects made certain inculpatory statements to each other which were overheard by the investigator driving the automobile.

In pretrial proceedings, County Court suppressed defendant's statements made during the second interrogation based on the violation of his right to counsel. The physical evidence yielded from the search of defendant's residence was also suppressed on the basis that defendant's consent to the search was uncounseled. However, the statements made by defendant while being transported to court were deemed admissible. Defendant was found guilty of all 10 counts in the indictment after a jury trial. He was sentenced to concurrent prison terms of 4 to 8 years for robbery, 1 to 3 years for unlawful imprisonment and one year for the misdemeanor convictions. Defendant appeals, contending that County Court erred in failing to suppress his statements made while being transported to Town Court. Defendant also asserts that County Court should have charged the jury on his claim of right defense and that his request for youthful offender status should have been granted.

It is well settled that no further questioning is permitted once a suspect has invoked the right to counsel but that spontaneous statements which are not the result of an "interrogation environment" are admissible (*see, People v Gonzales,*

75 NY2d 938, *cert denied* 498 US 833; *People v Harris*, 57 NY2d 335, *cert denied* 460 US 1047; *People v Merrick*, 188 AD2d 764, *lv denied* 81 NY2d 889). Defendant's contention that his remarks to a cosuspect, made while traveling in a police vehicle, should have been suppressed as part of a single continuous chain of events is unpersuasive. Although defendant's admissions during the course of the second interrogation were properly suppressed since he had invoked his right to counsel, the record demonstrates that the interrogation of defendant had ceased prior to his being fingerprinted and photographed in connection with the arrest (*cf., People v Hawthorne*, 160 AD2d 727). The statements later uttered in the vehicle to a cosuspect were spontaneous and not the result of police questioning or inducement (*see, People v Lynes*, 49 NY2d 286; *People v Wergen*, 250 AD2d 1006, 1007; *People v Lopez*, 160 AD2d 335, *lv denied* 76 NY2d 791; *People v Alaire*, 148 AD2d 731; *compare, People v Chapple*, 38 NY2d 112).

Further, the so-called "cat-out-of-the-bag" theory is inapplicable as no evidence was adduced at the suppression hearing establishing that, at the time of his utterances, defendant felt committed and constrained by his earlier admission (*see, People v Tanner*, 30 NY2d 102, 105-106; *People v Shipman*, 156 AD2d 494, 495, *lv denied* 75 NY2d 924; *People v Alaire, supra*, at 737-738; *People v McIntyre*, 138 AD2d 634, 637, *lv denied* 72 NY2d 959; *People v Newson*, 68 AD2d 377, 389). Defendant's intimation that spontaneous statements are not admissible where the right to counsel has been invoked, as distinguished from 5th Amendment rights, is unavailing and contrary to established precedent (*see, People v Gonzales, supra*, at 940; *People v Harris, supra*, at 342; *People v Stoesser*, 53 NY2d 648; *People v Lynes, supra*, at 295; *People v Wergen, supra*, at 1007; *People v Lopez, supra*, at 337). Accordingly, there is no basis to overturn County Court's determination of admissibility (*see, People v Damiano*, 87 NY2d 477).

We also reject defendant's claim that County Court was required to charge the jury with a claim of right defense. The doctrine of self-help is not a valid defense to a charge of robbery, especially where, as here, defendant was a participant in a violent attack of two victims (*see, People v Reid*, 69 NY2d 469; *People v Hodges*, 113 AD2d 514, *lvs denied* 68 NY2d 813, 67 NY2d 884; *People v Banks*, 55 AD2d 795).

Further, in view of the circumstances of the crime, we conclude that County Court did not abuse its discretion in refusing to sentence defendant as a youthful offender. A defendant convicted of an armed felony is generally ineligible for

sentencing as a youthful offender (*see,* CPL 720.10 [2]). A defendant may, however, be eligible as a youthful offender if the sentencing court finds mitigating circumstances or where defendant's participation in the crime was relatively minor (*see,* CPL 720.10 [3]). In this case, the 18-year-old defendant was the instigator of a planned and brutal attack, involving the beating of two individuals with baseball bats and a shotgun. He and his accomplices immobilized the victims with duct tape, extorted money from one victim with threats of further violence, and abandoned their injured victims bound and gagged in a remote area. Based on the record, County Court properly considered the relevant circumstances of the incident, including purported mitigating factors, and therefore its decision to deny youthful offender status will not be disturbed (*see, People v Campbell,* 245 AD2d 983; *People v Butcher,* 236 AD2d 742, *lv denied* 90 NY2d 891).

Lastly, the sentence imposed by County Court was within permissible statutory ranges and defendant failed to demonstrate that County Court abused its discretion (*see, People v Parson,* 209 AD2d 882, *lv denied* 84 NY2d 1014; *People v Greco,* 187 AD2d 151, *lv denied* 81 NY2d 1073).

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Tompkins County for further proceedings pursuant to CPL 460.50 (5).