■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN REDD, Appellant. [709 NYS2d 159] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered March 20, 1995, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree and robbery in the first degree, and sentencing him, as a persistent violent felony offender, to two consecutive terms of 25 years to life on the murder and attempted murder convictions, and a concurrent term of 15 years to life on the robbery conviction, unanimously affirmed.

While a right to counsel claim may be raised for the first

time on appeal, this rule does not dispense with the requirement of a sufficient factual record or necessarily entitle a defendant to a remand for further proceedings (*People v Kinchen*, 60 NY2d 772). By failing to raise this issue at his *Wade* hearing, and by failing to move to reopen that hearing based on his own trial testimony, defendant has failed to present a factual record sufficient to permit appellate review of his claim that the right to counsel had attached at the investigatory lineup (*People v Lopez*, 160 AD2d 335, *lv denied* 76 NY2d 791). Contrary to defendant's appellate contention, the trial record does not supply the requisite factual record. Accordingly, there is no reason for a remand for further proceedings (*compare*, *People v Kinchen*, *supra*, *with People v Baldi*, 54 NY2d 137, 152).

The court's in camera inquiry and *sua sponte* excusal for cause of a venireperson were appropriate (*see*, *People v Wilson*, 211 AD2d 136, *affd* 88 NY2d 363). In the presence of counsel and defendant, the venireperson, expressing great emotional distress, insisted that he could not serve in a murder trial because his father was a police officer killed in the line of duty when he came upon a robbery in progress. When asked for more details, he requested to speak privately to the court. After a brief unrecorded private conference, conducted over defendant's objection, the court summarized the discussion on the record and excused the venireperson, ruling that he had a complete inability to serve. The court's actions were reasonable under the circumstances and did not violate defendant's right to counsel. We note that at the end of the interview, defendant's attorney declined the opportunity to request any further information from the venireperson. In any event, the venireperson clearly manifested his inability to serve and it is highly unlikely that, had counsel been permitted to be present at the inquiry, she would have opposed excusing him.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see*, *People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Rosenberger, Nardelli, Ellerin and Wallach, JJ.