■ The People of the State of New York, Respondent, v Kevin Bussey, Appellant. [714 NYS2d 673] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered June 11, 1997, convicting defendant, after a jury trial, of seven counts of robbery in the first degree, and sentencing him, as a

second violent felony offender, to four concurrent terms of 25 years, to be served consecutively to three concurrent terms of 15 years, unanimously affirmed.

Defendant's claim that his attorney's conduct deprived him of his right to testify, and that he received ineffective assistance of counsel in that regard, is procedurally defective in that it rests largely on matters dehors the record, to wit, conversations between defendant and counsel (*People v Bagarozy*, 182 AD2d 565, 566, *lv denied* 80 NY2d 901). To the extent that the existing record permits review, it indicates, when read as a whole, that counsel dissuaded, rather than foreclosed, defendant from testifying (*compare, People v Perry*, 266 AD2d 151, *with People v Mason*, 263 AD2d 73). Counsel properly discharged her responsibility to advise defendant relative to his right to testify and defendant was not prevented by the court or counsel from testifying. In any event, regardless of what counsel may have told defendant previously, the court specifically advised defendant, on more than one occasion, that the decision was ultimately his to make. After counsel discussed the matter with defendant, she represented that defendant would not be testifying and he did not object.

Defendant's severance motion was properly denied. The counts were properly joined as legally similar pursuant to CPL 200.20 (2) (c) and defendant failed to make a sufficient showing to warrant a discretionary severance under CPL 200.20 (3).

We perceive no abuse of discretion in sentencing and conclude that the sentence was not based on any improper criteria.

We have considered and rejected defendant's remaining contentions. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Rubin and Buckley, JJ.