■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANCE WHETSTONE, Appellant. [722 NYS2d 203] —Judgment unanimously affirmed. Memorandum: Defendant contends that his right to counsel may have been violated at a meeting on March 4, 1999 prior to his testimony before a Federal Grand Jury concerning an unrelated criminal investigation. Although the violation of the right to counsel may be raised for the first time on appeal (*see, People v Samuels*, 49 NY2d 218, 221), defendant's contention is not supported by the record (*see, People v Redd*, 272 AD2d 168, 169; *People v Berezansky*, 229 AD2d 768, 772, *lv denied* 89 NY2d 919; *People v Farinaro*, 110 AD2d 653, 655-656). The further contention of defendant that Supreme Court erred in summarily denying his pretrial motion to dismiss the indictment in furtherance of justice (*see,* CPL 210.40) is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [3] [c]). The sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.