**STATE of Iowa, Appellee,**

v.

**Gregory Irvin NELSON, Appellant.**

**No. 67168.**

Supreme Court of Iowa.

Feb. 16, 1983.

Paul T. Shinkle of Gottschalk, Shinkle & Long, Cedar Falls, for appellant.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

Considered by LeGRAND, P.J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

This is an appeal by defendant, Gregory Irvin Nelson, from his conviction of false imprisonment in violation of Iowa Code section 710.7 (1981). On appeal, defendant claims that (1) his sixth amendment right of confrontation was violated when the court admitted a written confession made by his codefendant, who did not take the stand; (2) his request for an instruction on the justification defense of "defense of property" should have been given; and (3) his claim of ineffective assistance of counsel should be reviewed on direct appeal. We hold that defendant did not preserve error on his confrontation claim, that the trial court correctly refused to instruct on the defense of property, and that claims of ineffective assistance of counsel must be reserved for a postconviction hearing. We therefore affirm.

The facts in this case are rather unusual. Nelson and codefendant, Georgia Stigler, are brother and sister. Reuben Stigler, one of the victims of the alleged false imprisonment, is the husband of Georgia. He, Georgia, and Georgia's twelve-year-old child from an earlier marriage lived together in a house that Georgia owned. Georgia rented a room of this house to Nelson. Nelson, who is single and partially disabled, is a devotee of military training, guns, and shooting, and had an extensive gun collection.

On the night of February 26, 1981, Nelson returned to his room and discovered that four of his guns, $1000, and other miscellaneous items had been stolen. Nelson told Georgia of the theft as soon as she came into the house. Shortly thereafter, Georgia found Reuben and she accused him of being involved in the theft. She told Reuben that the theft would be reported to the police if the items were not returned by morning.

Reuben testified that he and his friend, Russell Hill, went to a tavern where they recovered three of the stolen guns. They then brought the guns to the Stigler house. This partial recovery apparently did little to soothe the indignation of the codefendants.

The State's evidence indicates that when Reuben and Hill entered the house they were held at gunpoint by the codefendants and others. This situation continued for some hours, during which time various phone calls were made in an effort to recover the stolen items. Finally, Reuben and Hill made a dramatic escape from the home; according to Reuben, they upset a table and he dove through a closed window while Hill fled through the rear door. At this time the house was surrounded by police and the codefendants were soon arrested.

The State presented evidence from the victims and from the victims' relatives who had received phone calls that the defendants threatened to kill Reuben and Hill if the remainder of Nelson's property and money was not returned. Nelson testified that although he made threats of bodily injury, he held but did not point his gun at the victims. In regard to the threat to kill, he testified: "I never threatened to kill them. There's a semantic difference there. I said I should."

I. *Confrontation.* Georgia Stigler's statement given to the police consisted of twelve and one-half pages of single-spaced typed material. This statement was admitted into evidence against both defendants. The sole objection raised by Nelson's trial counsel, who represented both codefendants, was that this statement was hearsay to the defendant Nelson.

On this appeal Nelson abandons his objection of hearsay. He now claims that the admission of Georgia Stigler's statement against him violated his sixth amendment right of confrontation. The State submits that defendant never raised the confrontation issue at trial and waived it for purposes of appeal. The State further claims that any error was harmless as the statement and Nelson's testimony differed in only two minor respects. Since we determine that error has not been preserved, we need not reach the issue of harmless error.

[1] An objection in trial court based on hearsay does not preserve an issue of a constitutional right of confrontation for an

appellate court. This same question was recently addressed in *State v. Farni*, 325 N.W.2d 107, 109 (Iowa 1982), where we stated:

> We do not reach this question because defendant did not raise at trial the constitutional grounds he seeks to assert here. We do not review issues, even on constitutional grounds, which are raised for the first time on appeal . . . . The objections that the question 'calls for hearsay' is too broad to raise the issue of constitutional right of confrontation. Objections to evidence must be sufficiently specific to inform the trial court of the basis for objecting. This one failed to meet this standard. The trial court ruled on the objection as it was made. Nothing more was required of him. (citations omitted)

We see no reason to depart from our holding in *Farni*. We find no error in the admission of Georgia's statement.

II. *Defense of property.* Defendant unsuccessfully requested that the trial court instruct the jury on the justification defense of defense of property. On appeal he claims the court's refusal to give such instruction was error. We hold that such instruction was not justified under the facts of this case.

The defense of justification of use of force in defense of property is codified in Iowa Code section 704.4, which in pertinent part states: "[a] person is justified in the use of reasonable force to prevent or terminate criminal interference with his or her possession or other right in property." We must determine, under this statutory definition, whether the defense of justification exists under the facts of this case. If we determine that there are substantial facts which if proved would satisfy this section, then it becomes the province of the jury to determine the validity of these facts.

The issue presented in this division is whether a justification defense exists under section 704.4 for a defendant who has at an earlier time been deprived of possession of his property by a wrongful taking committed out of his presence, and who then attempts by the use of force to recover the property, although the property is elsewhere. We hold that under this fact situation the defense is unavailable.

In interpreting a statute we look to its language, and if its meaning is clear, we are not permitted to search beyond its express terms. *State v. Rich,* 305 N.W.2d 739, 745 (Iowa 1981). The express terms of section 704.4 provide a defense in situations where the defendant attempts "to prevent or terminate criminal interference." If the criminal interference has occurred out of the presence of the defendant at an earlier time, and the property, the reason for the interference, is no longer present, force can no longer be used to prevent or stop the crime. No language in section 704.4 approves of after-the-fact vigilante action.

Another tool of statutory construction is the examination of the statute's purpose. *State v. Newman,* 313 N.W.2d 484, 486 (Iowa 1981). The obvious purpose of this statute is to prevent the imposition of a penalty upon a person who out of necessity is acting to retain his property or to prevent its injury. Thus, the purpose of the statute is not to recover property but to prevent wrongful interference with it. When the injured party is not present at the time of wrongful taking, or the property is elsewhere, there is no necessity or urgency that would call for the use of force to prevent the wrongful activity.

Other authority supports this interpretation of the statute. In a defense based on necessity, a justification defense, it was held in *State v. Marley,* 54 Haw. 450, 472, 509 P.2d 1095, 1108–09 (1973), that elements of a justification defense are (1) that a direct causal relationship must be reasonably anticipated to exist between the defender's action and the avoidance of harm, (2) that the harm to be prevented must be imminent, (3) that there is no alternative available which does not involve violation of the law, and (4) that the criminal act that defendant seeks to prevent or terminate must be committed in defendant's presence. In *Marley* the court, commenting on the element of presence, stated:

Prevention or termination of the commission of a crime is only one of several "justification" defenses. Some of the others are self-defense, defense of another, and defense of property. Each of these justification defenses obviously and inevitably requires that the criminal act to be counteracted occur in the presence of the actor.... To rule that a full justification defense to the prosecution for commission of crime is established even absent a presence requirement would be to create a very dangerous precedent, for it would make each citizen a judge of the criminality of all the acts of every other citizen, with power to mete out sentence.

*Marley,* 54 Haw. at 470, 509 P.2d at 1108. *See also United States v. Seward,* 687 F.2d 1270, 1276 (10th Cir.1982) (defense of necessity doctrine is based on an emergency); *State v. Ruffin,* 535 S.W.2d 135, 137 (Mo. App.1976) (as general rule only present danger can be a legitimate justification for resort to self defense); W. Lafave & A. Scott *Criminal Law* § 402 (recapture of a chattel by force after an interval has elapsed is not justified); *id.* § 406 (a requirement of justification defense is that the criminal act that defendant seeks to prevent or terminate be committed in defendant's presence).

█ Applying this construction to the statute, we find no evidence that defendant's acts were for a purpose other than to regain possession of property that had been taken in his absence and had not been returned. After defendant discovered the theft, all that he knew was that the property was gone. He was not present during the taking and he only suspected the identity of the culprit. Nor did the return of part of the property, after threats were made, restart the timetable of the crime so that defendant could "prevent or terminate" its occurrence. Thus, defendant was not entitled to the instruction he requested.

█ III. *Ineffective assistance of counsel.* With the aid of new appellate counsel, defendant now argues that he was denied effective assistance of trial counsel. He raises issues concerning his trial counsel's (1) failure to move for separate trials, (2) dual representation of both codefendants, and (3) failure to cite authorities to support his objection to the admission of Georgia's statement. We hold these matters must be reserved for postconviction proceedings. *See* Iowa Code § 663A.2 (1981).

Defendant's trial counsel was privately retained. The record on appeal is not adequate to determine defendant's participation in the decisions of which he now complains nor does it provide counsel's reasons for such decisions now alleged to fall below the standard of normal competency.

Defendant urges that a denial of relief on appeal of the conviction is in fact a denial of any relief, because he could not post bond and he will have served his 90-day sentence before his postconviction proceeding is held. Defendant has known of his general claim of ineffective assistance of counsel and the specific details of that claim since an early stage of his appeal. Although we do not speculate at this time on his chance of success, we note that defendant did not request a limited remand pursuant to Iowa R.App.P. 12(g) during the pendency of this appeal for the purpose of a specific proceeding to obtain additional evidence and a finding of fact concerning this issue. If such an application indicated that this procedure could be handled swiftly and efficiently during the normal appeal time, and would also be both in the interest of justice and effective trial and appellate court management, we would have carefully considered such application. *See State v. Aldape,* 307 N.W.2d 32, 42–45 (Iowa 1981) (posttrial evidentiary hearing held on issue of ineffective assistance of trial counsel an issue considered on appeal). We point this out as a procedure that was available to defendant. In this case, without a record based on an evidentiary hearing at which both parties were permitted to present their proof, we are unable to rule on defendant's contentions.

AFFIRMED.