■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH THOMAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered February 17, 1988, convicting him of burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt. The defendant went up the front steps of a private house at 1:30 P.M. on December 12, 1986, and rang the bell. When no one answered the door, he entered the basement, where he was found standing by a police officer who responded to a "911" call made by one of the complainants who was in the house. The defendant possessed, among other things, a pair of pliers, two screwdrivers, a jimmy and a sheet rock knife on his person. Based on these facts, a reasonable juror could infer that the defendant knowingly entered the dwelling with intent to commit a crime therein and could discredit his exculpatory tale that he entered the premises in order to recover tires he sold to one of the complainants but for which he had not been paid. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's contention, his conviction on

the charge of possession of burglar's tools was not repugnant to his acquittal on the charge of criminal mischief in the fourth degree. When there is a claim that repugnant jury verdicts have been rendered on an indictment involving multiple counts, a verdict concerning a particular count may be set aside only when it is inherently inconsistent in view of the elements of each crime as charged to the jury *(see, People v Tucker,* 55 NY2d 1). Pursuant to this standard, the defendant's acquittal of criminal mischief did not negate an essential element of the possession of burglar's tools *(see, People v Goodfriend,* 64 NY2d 695; *People v Rios,* 150 AD2d 620).

The trial court's instructions to the jury were proper. Contrary to the defendant's claim, the court properly refused to charge the jury on the claim of right defense since such a defense is only available in a larceny prosecution *(see,* Penal Law § 155.15 [1]; *People v Scunziano,* 140 AD2d 645; *People v Hodges,* 113 AD2d 514) and the People here did not specify, nor were they required to specify *(see, People v Mackey,* 49 NY2d 274; *People v Middleton,* 140 AD2d 550), that the defendant intended to commit larceny when he knowingly entered the dwelling. Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.