■ In the Matter of DAVID G., a Person Alleged to be a Juvenile Delinquent, Appellant. [651 NYS2d 317] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Berman, J.), dated November 2, 1995, which, upon a fact-finding order of the same court dated September 21, 1995, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of unlawful imprisonment in the second degree and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for 18 months. The appeal brings up for review the fact-finding order dated September 21, 1995.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's claims as to the legal sufficiency of the evidence are unpreserved for appellate review *(cf.,* CPL 470.05 [2]). In any event, viewing the evidence, in the light most favorable to the presentment agency *(see, Matter of David H.,* 69 NY2d 792), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Contrary to the appellant's specific contention, the presentment agency was not required to disprove his defenses of claim of right (Penal Law § 155.15) and justification (Penal Law § 35.25) since these defenses were not applicable to the charges of unlawful imprisonment and menacing *(see, People v Reid,* 69 NY2d 469; *People v Thomas,* 162 AD2d 742; *Matter of Monroe B.,* 157 AD2d 608). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.