**STATE of Iowa, Plaintiff–Appellee,**

v.

**Leonard Theodore MILLER, Jr., a/k/a Leonard Paul Gilbert Miller, Jr., Defendant–Appellant.**

**No. 99–797.**

Court of Appeals of Iowa.

Dec. 13, 2000.

---

Linda Del Gallo, State Appellate Defender, and Stephen J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Denise A. Timmins, Assistant Attorney General, William E. Davis, County Attorney, and Robert E. Weinberg, Assistant County Attorney, for appellee.

Considered by ZIMMER, P.J., and HECHT and VAITHESWARAN, JJ.

ZIMMER, P.J.

Leonard Miller, Jr. appeals from the judgment and sentence entered following his plea of guilty to burglary in the third degree. He argues the district court failed to include in the sentencing order an accounting of credit for time served. Miller also contends he received ineffective assistance of counsel. We affirm.

On October 19, 1998, Davenport police investigated an alleged burglary at the home of Kenneth Konrardy. At that time, Kenneth also claimed a man had been calling his house asking for his wife, Lisa. Kenneth provided police with the phone number he had saved on his caller identification. Officer Rick Keller, posing as Kenneth, called the number and talked to Miller, who admitted kicking in the Konrardys' door. Keller then asked Miller to meet with him and discuss the situation.

The two men met at a nearby drug store. Miller informed Keller that he and Lisa Konrardy had spent the previous evening together at a motel where he had provided Lisa crack cocaine in exchange for sex. As proof of the encounter, Miller provided Keller a pair of women's black underwear, a handwritten note, and a book of coupons, all belonging to Lisa. Miller then claimed he broke into the Konrardy home to retrieve $220 Lisa had taken from him at the motel. Keller revealed his identity and arrested Miller for burglary in the third degree.

On December 1, 1998, the State charged Miller with third-degree burglary[1] as an habitual offender in violation of Iowa Code sections 713.6A and 909.8 (1997). On March 11, 1999, Miller pleaded guilty as charged in exchange for the State's dismissal of two other felony charges based on another incident. He was sentenced to an indeterminate, fifteen-year term. Miller now appeals. He contends the district court should have included in the sentencing order an accounting of his credit for time served. He also maintains his defense counsel was ineffective and asks that the claim be preserved for possible postconviction relief.

**I. Scope of Review.** Our review of a challenge to a district court's application of a sentencing statute is for corrections of errors at law. *State v. Stephenson,* 608 N.W.2d 778, 784 (Iowa 2000) (citations omitted). We review claims of ineffective assistance of counsel de novo. *State v. Johnson,* 604 N.W.2d 669, 673 (Iowa App.1999).

**II. Credit for Time Served.** In support of his argument that the sentencing order should have included a statement of credit for time served, Miller cites Iowa Code sections 901.6 and 903A.5 and Iowa Rule of Criminal Procedure 23. The Iowa Supreme Court recently rejected the same contention in *State v. Hawk,* 616 N.W.2d 527, 530 (Iowa 2000). Sections 901.6 and 903A.5 and rule 23 do not require a judicial accounting of credit for time served. *Id.*

**III. Ineffective Assistance of Counsel.** Miller asserts his trial counsel failed to properly advise him of or investigate a claim-of-right defense to the burglary charge. He claims he was justified in breaking into the Konrardy residence to retrieve $220 that Lisa had taken from him. Citing Iowa Code section 714.4, Miller argues his claim of right negated his intent to commit a theft, an element of the burglary charge.

In determining whether trial counsel was ineffective, we look at " 'whether under the entire record and totality of the circumstances counsel's performance was within the normal range of competence.' " *State v. Artzer,* 609 N.W.2d 526, 531 (Iowa 2000) (quoting *Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981)). In order for Miller to prevail, the record must demonstrate (1) counsel failed to perform an essential duty, and (2) prejudice resulted. *Artzer,* 609 N.W.2d at 531 (citation omitted). Prejudice is found where there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Id.* (citation

---

1. Burglary is defined by Iowa Code § 713.1:

 Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, ... or any person having such intent who breaks an occupied structure, commits burglary.

omitted). Ordinarily, ineffective assistance of counsel claims are reserved for postconviction relief actions. *Id.* (citation omitted). However, when the appellate record is sufficient to permit a ruling, we will address the claims on direct appeal. *Id.* We deem this record sufficient.

 Defense counsel breaches an essential duty by failing to pursue defenses which have a legal basis under the pending charges. *See Artzer,* 609 N.W.2d at 532 (concluding counsel not ineffective for failing to pursue defenses of intoxication and diminished capacity on defendant's second-degree murder charge because those defenses not legally available on that charge). Iowa Code section 714.4 codifies the claim-of-right defense:

> No person who takes, obtains, disposes of, or otherwise uses or acquires property, is guilty of *theft* by reason of such act if the person reasonably believes that the person has a right, privilege or license to do so, or if the person does in fact have such right, privilege or license.

(emphasis added). No Iowa case has decided whether section 714.4 also provides a defense to a burglary charge.[2] When the allegation of ineffectiveness includes a question of first impression, the issue for us on appeal is whether a normally competent attorney could have concluded that the question was not worth raising. *See State v. Westeen,* 591 N.W.2d 203, 210 (Iowa 1999) (citation omitted). Counsel is not ineffective when the issue counsel failed to raise has no merit. *See id.* at 207. Our first step is to consider whether there is any merit to the issue Miller claims his counsel should have raised. *See id.*

 We conclude there is no merit to the issue. We hold the defense is un-

available in a burglary case. In interpreting a statute, we look to its language, and if its meaning is clear, we are not permitted to search beyond its express terms. *State v. Nelson,* 329 N.W.2d 643, 646 (Iowa 1983) (interpreting Iowa Code section 704.4 which codifies justification defense). Legislative intent is expressed by omission as well as inclusion. *State v. Miller,* 590 N.W.2d 45, 47 (Iowa 1999). The express terms of section 714.4 provide that it is only a defense to a theft charge. Burglary and robbery are not included. We may not—under the guise of statutory construction—enlarge or otherwise change the terms of a statute as the legislature adopted it. *Id.* (citation omitted). To adopt Miller's interpretation of this statute would require us to read something into the law that is not apparent from the words chosen by the legislature. *See State v. Guzman–Juarez,* 591 N.W.2d 1, 2 (Iowa 1999) (citation omitted). We decline to legislate expansion of the defense.

An examination of other states' case law supports the conclusion that there is little merit to the issue. The modern trend among other states has been to decline to recognize the claim-of-right defense to offenses involving force, such as robbery or burglary. *See People v. Tufunga,* 21 Cal.4th 935, 90 Cal.Rptr.2d 143, 987 P.2d 168, 177 (1999) (noting trend but recognizing continued viability of the defense in California in very limited circumstances). Moreover, many of the leading cases permitting forcible recapture of property were decided before 1900. *See id.* 90 Cal. Rptr.2d 143, 987 P.2d at 178 (citing *People v. Butler,* 65 Cal.2d 569, 55 Cal.Rptr. 511, 421 P.2d 703 (1967) (Mosk, J., dissenting)). Based on the language of their claim-of-right statutes, other states have made determinations similar to ours in both the

---

**2.** A claim of right has been held to be a defense to larceny-related offenses at common law. *See* 67 Am.Jur.2d *Robbery* § 19. In *State v. Hollyway,* 41 Iowa 200 (1875), the Iowa Supreme Court concluded that evidence of a defendant's claim of right to property was admissible in a robbery trial because it tended to negate the intent element. *Hollyway* was decided long before Iowa's criminal code and section 714.4 were enacted. The explicit language of section 714.4 appears to confine the claim-of-right defense to theft charges, as discussed *infra.*

robbery and burglary contexts. *See, e.g., State v. Messier,* 16 Conn.App. 455, 549 A.2d 270 (1988) (declining to recognize burglary as a means of regaining property); *Westmoreland v. State,* 245 Ga.App. 482, 538 S.E.2d 119 (2000) (concluding claim of right statute did not state it was a defense to robbery); *People v. Thomas,* 162 A.D.2d 742, 557 N.Y.S.2d 426, 427 (1990) (concluding claim of right statute did not state it was a defense to burglary); *People v. Hodges,* 113 A.D.2d 514, 496 N.Y.S.2d 771 (1985) (same with regard to robbery). For example, in *People v. Hodges,* the New York court held that a defendant could not assert the state's statutory claim-of-right defense to a robbery charge when he used force to recover money he had spent on the purchase of contraband. *Hodges,* 496 N.Y.S.2d at 774. The court based its holding in part on the language of the New York claim-of-right statute, which only expressly made the defense available in a larceny prosecution. *See Hodges,* 496 N.Y.S.2d at 773. In limiting the defense, the New York court also concluded that "the proposition that a claim of right negates the felonious intent in robbery 'is utterly incompatible with and has no place in an ordered and orderly society ... which eschews self-help through violence.'" *Id.* at 774 (quoting *State v. Ortiz,* 124 N.J.Super. 189, 305 A.2d 800, 802 (1973)).

Iowa public policy evinces the modern distaste for violent self-help and lends further support to our interpretation of section 714.4. Section 714.4 prevents rightful owners from being charged with theft if they manage to regain their property. Thus, there is no protection of the thief's possessory interest against that of the rightful owner. An individual may even use reasonable force to prevent or terminate interference with property rights, if the individual is present at the taking. *See* Iowa Code § 704.4; *Nelson,* 329 N.W.2d at 646. However, basic public policy dictates that even rightful owners should not be permitted to perpetrate break-ins or use force to regain their property, once it has been taken. As one court noted, to accept the claim-of-right defense in contexts where force has been used is "one step short of accepting lawless reprisal as an appropriate means of redressing grievances, ...." *Hodges,* 496 N.Y.S.2d at 774 (citation omitted). In holding that a justification defense does not exist for a defendant who attempts through force to recapture property that was taken at an earlier time, our own supreme court has stated that nothing in the code "approves of after-the-fact vigilante action." *Nelson,* 329 N.W.2d at 646. The same policy would presumably extend to one who breaks into a residence to retake property that was previously stolen from him.[3] Miller's actions in this case were nothing more than vigilante self-help.

 A few states, such as California and Missouri, continue to recognize the viability of the claim-of-right defense in situations where force has been used. *E.g., Tufunga,* 90 Cal.Rptr.2d 143, 987 P.2d at 173 (recognizing propriety of claim-of-right instruction in robbery case); *State v. Quisenberry,* 639 S.W.2d 579, 582 n. 4 (Mo.1982) (recognizing claim of right as defense to burglary). Those states rely on the rationale that a legitimate claim of right to property negates the intent element of a burglary or robbery charge—the

---

**3.** Iowa Code section 554.9503 serves as additional evidence of Iowa public policy against self-help tactics. Section 554.9503 governs a secured party's right to repossess the property which serves as security. The secured party may only repossess without judicial process if it can be done *without* breach of the peace. *See* Iowa Code § 554.9503 (emphasis added). In general, the law frowns on the use of force to collect even the most legitimate debts. *See,*

*e.g., Tufunga,* 90 Cal.Rptr.2d 143, 987 P.2d at 179 (declining to extend claim-of-right defense to forcible taking (robbery) perpetrated to satisfy or collect a debt); *People v. English,* 32 Ill.App.3d 691, 336 N.E.2d 199, 201 (1975) ("a creditor may not employ violence, threats, or weapons to collect the debt but should pursue his remedies in the normal channels of peaceful and legal redress.").

intent to commit a theft. *See, e.g., Tufunga,* 90 Cal.Rptr.2d 143, 987 P.2d at 174–75; *Quisenberry,* 639 S.W.2d at 582 n. 4. We do not find their reasoning persuasive. The purpose behind criminalization of burglary bolsters our conclusion that section 714.4 should not be a defense to burglary. In statutory interpretation, we consider the objective of the statute and seek a result that advances, rather than defeats, that purpose. *State v. Schultz,* 604 N.W.2d 60, 62 (Iowa 1999) (citing *Harris v. Olson,* 558 N.W.2d 408, 410 (Iowa 1997)). The crime of burglary was not designed to protect property rights, as the theft statutes are. *See State v. Pace,* 602 N.W.2d 764, 768 (Iowa 1999) (citation omitted). Instead, the crime is considered to be an offense against the security of habitation or occupancy:

> Burglary laws are based primarily upon a recognition of the dangers to personal safety created by the usual burglary situation-the danger that the intruder will harm the occupants in attempting to perpetrate the intended crime to escape [sic].... The laws are primarily designed, then, not to deter the trespass and the intended crime, which are prohibited by other laws, so much as to forestall the germination of a situation dangerous to personal safety.

*Id.* (quoting *State v. Nible,* 200 Cal.App.3d 838, 844, 247 Cal.Rptr. 396 (1988)). While the law supports a claim of right defense, it does not condone the invasion of the sanctity of another's home to regain property rights, when viable legal channels exist to effect a remedy. Expanding the claim-of-right defense to burglary would undermine the purpose of the burglary statute.

We align ourselves with the majority of states that do not recognize a claim-of-right defense to violent reclamations of property. *See Tufunga,* 90 Cal.Rptr.2d 143, 987 P.2d at 177 (citing to cases in the majority jurisdictions). We conclude our legislature statutorily limited the defense by enacting 714.4 and naming only theft as an offense to which the defense can be asserted. Miller's trial counsel breached no duty by failing to assert a nonmeritorious defense. We affirm the conviction.

**AFFIRMED.**