# IN THE COURT OF APPEALS OF IOWA

No. 4-13 / 12-2279
Filed March 12, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERIC ALANDA MIMS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Richard G. Blane II,
Judge.


        Eric Mims challenges the sufficiency of the evidence to support his
conviction of burglary in the second degree.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant
Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney
General, John P. Sarcone, County Attorney, and David Porter, Assistant County
Attorney, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**DANILSON, C.J.**

Eric Mims challenges the sufficiency of the evidence to support his conviction of burglary in the second degree, in violation of Iowa Code sections 713.1 and .5(1)(b) (2011). Because the jury could reasonably determine that Mims had the specific intent to permanently deprive the owner of the items taken from her occupied residence, we affirm the conviction.

The defendant's sole argument on appeal is that he used the stolen items (credit cards, insurance cards, and identification) as a means to get his car back from the victim's daughter, which—while "childish"—contradicts a finding of a specific intent to permanently deprive the victim of her items. The district court rejected the argument: "And if [the defendant] didn't get his car keys back or possession of his vehicle, the opposite argument is then he wasn't going to return [the victim's] items to her. It was his bargaining chip. And I think the jury can hear that evidence and make their decision." We agree.

We conclude a rational jury could infer a specific intent to permanently deprive the victim of property where a defendant places conditions upon the return of the property he has no right to impose. One commentator states,

> One who takes another's property intending at the time he takes it to use it temporarily and then to return it unconditionally within a reasonable time—and having a substantial ability to do so—lacks the intent to steal required for larceny. It should be noted that it is the intent to return the property, not its actual return, which constitutes the defense to larceny: one who takes another's property intending at the time of taking to deprive the owner permanently is nevertheless guilty of larceny, though he later (becoming frightened, or his better nature prevailing) decides to return it and does so.
> Conversely, an intent to return is a defense though some unexpected obstacle prevents an actual return. An intent to return, to be a defense, need not be an intent to return it to the exact spot

> from which it was taken if the intent is to return it to a place sufficiently near so that the owner is substantially certain to find it or get it back. The *intent to return*, *however*, *must be unconditional*. Thus it is no defense to larceny that the taker intended to return it only if he should receive a reward for its return, or *only upon some other condition which he has no right to impose*.

*See* Wayne R. LaFave, 3 *Subst. Crim. L.* § 19.5(b) (2d ed.) (emphasis added) (footnotes omitted) (current through October 2013), http://westlaw.com (last visited Feb. 20, 2014); *see also People v. Davis*, 965 P.2d 1165, 1169 (Calif. 1988) (concluding the defendant's intent to claim ownership of the shirt and to return it to store only on condition that the store pay him a "refund" constitutes an intent to permanently deprive within the meaning of the law of larceny); *Carter v. Commonwealth*, 694 S.E.2d 590, 595 (Va. 2010) (quoting LaFave commentary). We conclude an intent to return items belonging to another on condition the defendant has no right to assert can support an inference of specific intent to permanently deprive the owner of the property. Moreover, a claim of right to property taken may not serve to negate intent to a charge of burglary. *State v. Miller*, 622 N.W.2d 782, 785 (Iowa Ct. App. 2000) (concluding the claim-of-right defense provided in Iowa Code section 714.4 is only applicable to theft charges). Here, Mims lacked both a claim of right and a right to impose a condition before returning the property.

We therefore affirm the conviction.

**AFFIRMED.**