**IN THE COURT OF APPEALS OF IOWA**

No. 15-1118
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GOLDIE THEODORE ENOCHS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Mahaska County, Daniel P. Wilson (plea) and Annette J. Scieszinski (sentencing), Judges.

        A defendant appeals his convictions for second-degree robbery and going armed with intent.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**TABOR, Judge.**

Despite insisting his conduct was "more a drug deal gone bad than a robbery," Goldie Enochs pleaded guilty to robbery in the second degree and going armed with intent. On appeal, he claims his counsel was ineffective for allowing him to enter a guilty plea to robbery instead of advancing a claim-of-right defense at trial. Because Iowa precedent precludes a claim-of-right defense to robbery and burglary, Enochs cannot prove his counsel breached an essential duty by allowing him to accept a favorable plea offer. Accordingly, we affirm Enochs's convictions.

## I.      Facts and Prior Proceedings

In the fall of 2014, Oskaloosa police were investigating possible drug activity at the home of Patrick McCoy. But it was McCoy who called the police on November 16 to report an invasion of his home by several armed men. McCoy identified one of those men as Goldie Enochs, for whom he had been delivering methamphetamine. McCoy claimed Enochs previously asked him for a $10,000 loan and when McCoy refused, Enochs threatened McCoy's family.

When police officers responded to McCoy's call for help, they found McCoy's wife bound with zip ties around her wrists. She reported the intruders asked where her husband was and if the couple kept money in the house. The intruders fled before police arrived. McCoy had installed surveillance cameras on his property and provided the police with video recordings depicting the intruders walking back and forth in front of McCoy's house.

In December 2014, the State charged Enochs in a three-count trial information with (1) robbery in the first degree, a class "B" felony in violation of

Iowa Code section 711.2 (2013); (2) burglary in the first degree, a class "B" felony in violation of section 713.3(1)(b); and (3) going armed with intent, a class "D" felony in violation of section 708.8. The State offered Enochs a bargain—his plea of guilty to a reduced charge of robbery in the second degree and to going armed in return for the State's dismissal of the burglary count. The State also would recommend the sentences run consecutively.

At a hearing in March 2015, Enochs told the court he was unhappy with his attorney, asserting "he'd rather me plea than fight my case." The court advised Enochs that appointing new counsel would likely push back his trial date. Enochs, a Chicago native, told the court he would plead guilty to "anything else but this . . . . It's more a drug deal gone bad than a robbery. I mean, I didn't come all the way down to Oskaloosa, Iowa to commit a crime like this . . . . I'm more of a drug dealer. I'm not a robber."

The court took a recess from the hearing to allow the parties to see what could be worked out. After the break, defense counsel told the court that his client agreed to accept the State's plea offer. In a colloquy with the court, Enochs admitted entering the Oskaloosa home of Patrick McCoy with the intent to steal money from McCoy. Enochs acknowledged that in the process of carrying out his intent to commit a theft, he placed others "in fear that they were going to get hurt or shot." He also admitted going into the home carrying a handgun with the intent to use it. In response to a question from the court, Enochs agreed he was satisfied with the services of his attorney. The court accepted Enochs's guilty pleas.

By the time of the sentencing hearing in June 2015, Enochs returned to the refrain that he'd "rather face a drug deal going bad than a robbery." Enochs insisted he did not rob McCoy but "just went to go get my money . . . . This guy actually owes hundreds of thousands of dollars." But when questioned by the sentencing court, Enochs said he told the truth at the plea hearing and wanted to go forward with his plea bargain. The sentencing court entered judgment and imposed consecutive indeterminate sentences of ten years and five years.

Enochs now appeals.

## II.      Standard of Review

Because Enochs's claim of ineffective assistance of counsel implicates constitutional rights, our review is de novo, which means we independently evaluate the totality of the circumstances. *See State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015).

## III.      Analysis of Counsel's Performance

Enochs contends his trial attorney was ineffective in letting him plead guilty to second-degree robbery when he maintained a claim of right to money that McCoy owed him for drug transactions. His appellate attorney argues Enochs's trial counsel breached an essential duty by not pursuing a claim-of-right defense to the original robbery and burglary charges.[1]

We start with the familiar test for ineffective assistance of counsel. Ineffective assistance is defined as deficient performance by counsel resulting in prejudice; we measure counsel's performance under an "objective standard of reasonableness" and "prevailing professional norms." *See State v. Maxwell,* 743

---

[1] Enochs does not challenge his going-armed conviction on appeal.

N.W.2d 185, 195 (Iowa 2008) (quoting *Rompilla v. Beard,* 545 U.S. 374, 380 (2005)). To prevail on his claim, Enochs must show both (1) counsel failed to perform an essential duty; and (2) prejudice resulted. *See id.* (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For the prejudice prong, if the party seeking relief entered a guilty plea, on appeal he must show but for counsel's breach of duty, he would have elected to stand trial. *State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009).

In this case, we don't need to reach the prejudice prong, because we find trial counsel performed within prevailing professional norms. Competent defense counsel must "stay abreast of legal developments." *State v. Fountain*, 786 N.W.2d 260, 266 (Iowa 2010). But counsel doesn't have to predict future changes in established law. *See State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982) (recognizing competent attorneys need not be "crystal gazers"). The sweet spot is whether a normally competent attorney should have concluded the question was "worth raising." *Id.*

Given the status of Iowa law on the claim-of-right defense, competent counsel was not compelled to find the issue was worth raising—and in the process, forego a favorable plea offer from the State.

Iowa recognizes a statutory claim-of-right defense in theft cases:

> No person who takes, obtains, disposes of, or otherwise uses or acquires property, is guilty of theft by reason of such act if the person reasonably believes that the person has a right, privilege, or license to do so, or if the person does in fact have such right, privilege, or license.

Iowa Code § 714.4.

More than a decade ago, our court concluded that statute did not offer a defense to burglary or robbery charges:

> The express terms of section 714.4 provide that it is only a defense to a theft charge. Burglary and robbery are not included. We may not—under the guise of statutory construction—enlarge or otherwise change the terms of a statute as the legislature adopted it. To adopt Miller's interpretation of this statute would require us to read something into the law that is not apparent from the words chosen by the legislature. We decline to legislate expansion of the defense.

*State v. Miller*, 622 N.W.2d 782, 785 (Iowa Ct. App. 2000) (citations omitted). We have followed *Miller* in the intervening years. *See, e.g.*, *State v. Mims*, No. 12-2279, 2014 WL 956065, at *1 (Iowa Ct. App. Mar. 22, 2014); *Greene v. State*, No. 09-0233, 2009 WL 3379100, at *3 (Iowa Ct. App. Oct. 21, 2009); *Bucklin v. State*, No. 06-1942, 2008 WL 375219, at *3 (Iowa Ct. App. Feb. 13, 2008).

Appellate counsel for Enochs recognizes this line of cases but urges the Iowa Supreme Court to examine the reasoning from *State v. Smith*, 118 A.3d 49, 56-59 (Conn. 2015), interpreting a Connecticut statute regarding the reasonable use of physical force to defend ownership of property. We do not believe reasonable competence requires defense counsel to scour the country for arguably contrary case law based on different statutes in other jurisdictions as a basis for challenging settled Iowa precedent.

Because Enochs cannot establish his trial attorney breached an essential duty in allowing him to accept the State's plea offer, we affirm his convictions.[2]

**AFFIRMED.**

---

[2] We have also considered the claims against trial counsel advanced in the pro se supplemental brief filed by Enochs and find no merit to them.