# IN THE COURT OF APPEALS OF IOWA

No. 16-2233
Filed February 21, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOSHUA DANIEL GILLETTE,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Patrick R. Grady,

Judge.

Defendant appeals his conviction for robbery in the second degree.

**AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Joshua Gillette appeals his conviction for robbery in the second degree. We find Gillette has not shown he received ineffective assistance due to defense counsel's failure to object to two jury instructions. We affirm Gillette's conviction for second-degree robbery.

## I.    Background Facts & Proceedings

On February 2, 2015, Michael Graft, who was the manager of a Subway restaurant in Iowa City, drove to a different Subway restaurant in Iowa City to pick up some tuna. He parked directly in front of the restaurant. When he got back into his car, Gillette got into the front passenger side of the car. Graft stated Gillette told him, "Give me all your money," and displayed a knife. Graft got out of the car, ran into the Subway restaurant, and told an employee to call 911. Graft observed Gillette take a black laptop bag from the vehicle and then run down the street. Graft followed from a distance and saw Gillette enter an apartment building.

Police officers arrived and eventually found Gillette in the apartment building. Gillette denied ownership of anything and everything in the apartment where he was staying. Graft's black laptop bag was found in Gillette's bedroom. In the closet of the bedroom, officers found a knife inside a tennis shoe.[1] Gillette told officers, "he normally carries a knife but he did not have one on him at that specific time."

---

[1]    The tenants of the apartment were Daniel Brown and Denise Monroe, who were permitting Gillette to stay in a bedroom. The tennis shoe belonged to Monroe's son, who sometimes stayed in the apartment. Brown and Monroe denied owning the knife or seeing it previously.

Gillette was charged with robbery in the first degree. At his criminal trial, Gillette testified he was acquainted with Graft and had previously lent him $600. Gillette stated he got into Graft's car and said, "Remember me?" and then, "Where the f*** is my money at?" Gillette testified Graft ran out of the car and yelled, "Call 911." Gillette stated he panicked, took the black laptop bag, and ran back to the apartment. He stated he might have had his cell phone in his hand but did not have a knife. On rebuttal, Graft denied knowing Gillette or owing him money.

At the close of evidence, the district court informed the parties it had an instruction on a defense of claim of right. Defense counsel stated, "Well, isn't that part of the definition of theft, that it does not—the person taking it did not have a claim of right?" The court explained it did not believe the defense was available in a robbery case but stated, "So we can discuss tomorrow whether we want to have that in or not." The court also informed the parties, "Robbery two will only have the option of threaten or purposefully put in fear. Robbery third will have the committed assault." Defense counsel asked, "Isn't the definition of assault doing an act that puts somebody in fear of?" The court responded, "Well, that's in there too. And simple assault is submitted as well." On the next day, the parties again discussed the jury instructions. Gillette did not object to the instruction on the defense of claim of right or the marshalling instruction for third-degree robbery.

The jury found Gillette guilty of robbery in the second degree, in violation of Iowa Code section 711.3 (2015), a class "C" felony. Gillette was sentenced to

a term of imprisonment not to exceed ten years. He now appeals, claiming he received ineffective assistance of counsel.

## II.      Standard of Review

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

## III.      Ineffective Assistance

**A.**      Gillette claims the district court erred by failing to instruct the jury a claim of right could be a defense to robbery and instead giving an instruction stating a claim of right could not be a defense to robbery. We find Gillette did not preserve error on this claim because he did not object to the court's proposed instruction. We address the issue under Gillette's alternative claim he received ineffective assistance due to defense counsel's failure to object to the court's instruction or to advocate for an instruction stating a claim of right could be a defense in a robbery prosecution.

The offense of robbery is defined as follows:

> 1. A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:
>      a. Commits an assault upon another.
>      b. Threatens another with or purposely puts another in fear of immediate serious injury.

> c. Threatens to commit immediately any forcible felony.

Iowa Code § 711.1(1). In order to commit robbery a person must have the intent to commit a theft. *Id.*; *State v. Copenhaver*, 844 N.W.2d 442, 449 (Iowa 2014).

Gillette relies upon section 714.4, which provides:

> No person who takes, obtains, disposes of, or otherwise uses or acquires property, is guilty of theft by reason of such act if the person reasonably believes that the person has a right, privilege or license to do so, or if the person does in fact have such right, privilege or license.

Gillette claims because a claim of right is a defense to theft under section 714.4, a claim of right should also be a defense to the intent-to-commit-a-theft element of robbery, and the instructions should have informed the jury about this defense.

In *State v. Miller*, 622 N.W.2d 782, 784 (Iowa Ct. App. 2000), we addressed the issue of whether a claim of right defense could be raised in a burglary prosecution, where an intent to commit theft was an element of the charge. We stated:

> We conclude there is no merit to the issue. We hold the defense is unavailable in a burglary case. In interpreting a statute, we look to its language, and if its meaning is clear, we are not permitted to search beyond its express terms. *State v. Nelson*, 329 N.W.2d 643, 646 (Iowa 1983) (interpreting Iowa Code section 704.4 which codifies justification defense). Legislative intent is expressed by omission as well as inclusion. *State v. Miller*, 590 N.W.2d 45, 47 (Iowa 1999). The express terms of section 714.4 provide that it is only a defense to a theft charge. Burglary and robbery are not included. We may not—under the guise of statutory construction—enlarge or otherwise change the terms of a statute as the legislature adopted it. *Id.* (citation omitted). To adopt Miller's interpretation of this statute would require us to read something into the law that is not apparent from the words chosen by the legislature. *See State v. Guzman–Juarez*, 591 N.W.2d 1, 2 (Iowa 1999) (citation omitted). We decline to legislate expansion of the defense.

*Miller*, 622 N.W.2d at 785. We concluded, "our legislature statutorily limited the defense by enacting section 714.4 and naming only theft as an offense to which the defense can be asserted."[2] *Id.* at 787. We have subsequently applied this rule in robbery cases. *See, e.g.*, *Enochs*, 2016 WL 4384655, at *3 ("More than a decade ago, our court concluded [section 714.4] did not offer a defense to burglary or robbery charges."); *Greene*, 2009 WL 3379100, at *3 ("In Iowa, the statutory claim of right defense is unavailable to a defendant in offenses involving violent reclamations of property, such as robbery or burglary.").

The district court gave the jury an instruction stating:

> You have heard evidence that the Defendant was collecting a debt from Michael Graft at the time of the incident. Such a claim of right is not a defense to a robbery or other assault. However, you may consider this evidence as bearing on the credibility of the witnesses or for any other purpose you find it relevant.

We find Gillette has not shown he received ineffective assistance due to defense counsel's failure to object to this instruction. The instruction given by the district court follows the law as set out in *Miller*, 622 N.W.2d at 787. Defense counsel had no basis under current law to object to the instruction or to request an instruction which would have been in conflict with the holding of *Miller*. Defense counsel does not have an obligation to request an instruction which is not

---

[2] Gillette has asked us to overrule *Miller*, 622 N.W.2d at 787. We have continued to cite *Miller* with approval on the issue of the applicability of a claim of right defense in robbery and burglary cases since it was decided in 2000. *See State v. Enochs*, No. 15-1118, 2016 WL 4384655, at *3 (Iowa Ct. App. Aug. 17, 2016); *State v. Mims*, No. 12-2279, 2014 WL 856065, at *1 (Iowa Ct. App. Mar. 12, 2014); *Reyes v. State*, No. 10-1904, 2011 WL 392486, at *4 (Iowa Ct. App. Sept. 8, 2011); *State v. Moss*, No. 10-0079, 2010 WL 5050561, at *3 (Iowa Ct. App. Dec. 8, 2010); *Greene v. State*, No. 09-0233, 2009 WL 3379100, at *3 (Iowa Ct. App. Oct. 21, 2009); *Bucklin v. State*, No. 06-1942, 2008 WL 375219, at *3 (Iowa Ct. App. Feb. 13, 2008). We decline to overrule published precedent on this issue. *See McElroy v. State*, 703 N.W.2d 385, 393 (Iowa 2005) (noting the Iowa Court of Appeals had understandably declined to tinker with precedent).

supported by the law, and Gillette has not shown he received ineffective assistance on this issue. *See State v. Shanahan*, 712 N.W.2d 121, 142 (Iowa 2006).

**B.** Gillette claims he received ineffective assistance because defense counsel did not object to the marshalling instruction for the lesser included offense of third-degree robbery. The instruction provided:

> The State must prove all of the following elements of the crime of Robbery in the Third Degree:
> 1. On or about the 1st day of February, 2015, the Defendant had the specific intent to commit a theft.
> 2. To carry out his intention or to assist him in escaping from the scene, with or without the stolen property, the Defendant did an act which was intended to cause pain or injury or result in physical contact that would be offensive or insulting to Michael Graft.
> 3. The Defendant had the apparent ability to do the act.

"A person commits robbery in the third degree when, while perpetrating a robbery, the person commits an assault as described in section 708.2, subsection 6, upon another person." Iowa Code § 711.3A. Section 708.2(6) refers to simple assault. The offense of assault is defined as follows:

> A person commits an assault when, without justification, the person does any of the following:
> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
> c. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

Iowa Code § 708.1(2).

Gillette claims the facts do not support the submission of the language, "an act which was intended to cause pain or injury or result in physical contact,"

which follows section 708.1(2)(a). He states the instruction should have been submitted on the alternative, "intended to place another in fear of immediate physical contact," which follows section 708.1(2)(b). He claims the jury was not properly permitted to consider third-degree robbery because of this defect in the instruction. He states because there was no evidence he committed an act which was intended to cause pain or injury or result in physical contact with Graft, the jury could not find him guilty of third-degree robbery.

The jury found Gillette guilty of second-degree robbery. The jury was instructed:

> The State must prove all of the following elements of Robbery in the Second Degree:
> 1. On or about the 1st day of February, 2015, the Defendant had the specific intent to commit a theft.
> 2. To carry out his intention or to assist him in escaping from the scene, with or without the stolen property, the Defendant
> a. threatened Michael Graft with, or purposely put Michael Graft in fear of immediate serious injury as defined in Instruction No. 25.
> If the State has proved all of the elements, the Defendant is guilty of Robbery in the Second Degree. If the State has failed to prove any of these elements, the Defendant is not guilty of Robbery in the Second Degree, and you will then consider the charge of Robbery in the Third Degree, as explained in Instruction No. 20.

Instruction 25 defined "bodily injury" and "serious injury."

Under the court's instructions, the jury could not find Gillette guilty of third-degree robbery unless they found the State had failed to prove all of the elements of second-degree robbery. "We presume the jury follows the court's instructions." *State v. Hanes*, 790 N.W.2d 545, 552 (Iowa 2010). Gillette does not allege any error in the marshalling instruction for second-degree robbery. By finding Gillette guilty of second-degree robbery, the jury found the State had

proven all of the elements of that offense. Therefore, because Gillette was convicted of the greater offense, he has not been prejudiced by the instruction for the lesser-included offense of third-degree burglary, as there would be no prejudice even if the instruction had not been given. *See State v. Carberry*, 501 N.W.2d 473, 476 (Iowa 1993) (finding when a defendant is convicted of a greater offense there is no prejudice in the failure to submit additional lesser-included offenses). Gillette's claim of ineffective assistance on this issue can be denied based solely on the lack of prejudice arising from counsel's conduct. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

We find Gillette has not shown he received ineffective assistance from defense counsel. We affirm his conviction for second-degree robbery.

**AFFIRMED.**