**IN THE COURT OF APPEALS OF IOWA**

No. 22-1430
Filed August 9, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THOMAS LEE DEITRICK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Jeffrey D. Bert, Judge.


        A defendant appeals his conviction, claiming a lack of sufficient evidence.

**AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

After Thomas Deitrick entered a motel room to procure unpaid rent from its occupants, he was charged with and convicted of one count of first-degree burglary and one count of first-degree robbery.[1]  On appeal, he argues there was not sufficient evidence to prove he did not have permission or authority to enter the motel room, an element of first-degree burglary, or that he entered with the specific intent to commit a theft, an element of both first-degree burglary and first-degree robbery.  Because we find sufficient evidence supports both, we affirm.

**I. Facts and Procedural History.[2]**

In January 2022, Shon Johnson and Kevin Bryant moved in with Anthony Stock; they both informally agreed to pay Stock money from monthly government benefits they were receiving as rent.  When Stock demanded the entire checks as their payments came due, they left Stock's home and relocated to a motel room.  Johnson and Bryant intended to hide out at the motel as they heard that Stock was going to rob them.

Around 2:00 a.m. on February 2, Deitrick's paramour called Johnson to say she and Deitrick were on their way over to complete a drug transaction.  Bryant knew Deitrick and Stock were friends and was anxious that Stock would find out where he and Johnson were, but Johnson assured Bryant they were safe.  Deitrick knocked at the door and announced himself.  Recognizing Deitrick's voice, Bryant

---

[1] He was also found guilty of one count of conspiracy to commit a forcible felony, which merged with the other counts.  *See* Iowa Code § 706.4 (2022).

[2] "We recite the facts in the light most favorable to the prosecution in considering [a defendant's] challenge to the sufficiency of the evidence to support his convictions."  *State v. Crawford*, 974 N.W.2d 510, 515 (Iowa 2022).

looked through the peep-hole, saw no one, and opened the door. Wearing masks, both Deitrick and Stock entered in what Bryant described as a choreographed entrance "like military." Bryant testified that he let Deitrick into the room, but both he and Johnson testified they would not have done so had they known Stock was with him. Stock entered holding a wooden bat with nails on the end, described as a "billy club." Carrying the club, Stock approached Bryant, who recognized Stock by build and voice when Stock asked, "Where's my money?" Stock and Deitrick then approached Johnson, and Stock asked him the same question. Feeling that things were about to get confrontational, Bryant ran out of the room. Stock hit Johnson with the club before Johnson also ran from the room. Johnson sustained a cut to his arm from blocking the blow from the club.

Johnson ran to the front desk area and called 911. Footage from the motel's video surveillance, entered as evidence, shows both Deitrick and Stock with their faces covered standing to the side of the door as they wait to enter, entering the room, chasing after Bryant and Johnson as they leave, and then entering the room again. Bryant testified his wallet—including his social security disability debit card—and prescription medication were gone after Deitrick and Stock left.

Stock and Deitrick were jointly charged and tried as codefendants. Deitrick was found guilty of first-degree burglary and first-degree robbery; he was sentenced to concurrent sentences not to exceed twenty-five years for each charge. He now appeals.

**II. Analysis.**

Deitrick argues the State did not offer sufficient evidence to prove (1) he and Stock did not have permission or authority to enter the motel room, an element

of first-degree burglary, or that (2) he and Stock entered with the specific intent to commit a theft, an element of both first-degree burglary and first-degree robbery. Our review is for correction of errors at law. *Crawford*, 974 N.W.2d at 516. Taking the evidence in the light most favorable to the State, we consider whether or not "the finding of guilt is supported by substantial evidence in the record." *Id.* (citation omitted). Substantial evidence is that which "would convince a rational fact finder the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted).

*a. Permission to enter.*

Deitrick argues that the State failed to provide substantial evidence that he and Stock did not have permission to enter because Bryant and Johnson knew Deitrick was coming and he announced himself at the door before Bryant opened it. Deitrick emphasizes that no coercion or force was used to gain entry. But deception was used, and Deitrick makes no argument that Stock had permission to enter or that he did not aid or abet[3] Stock in entering. Bryant testified both that he did not give Stock permission to enter and would not have had he known Stock was outside the door. Plus, Deitrick only announced his own name at the door, and Deitrick and Stock engaged in coordinated efforts to remain unseen through

---

[3] The jury was instructed:

> All persons involved in the commission of a crime, whether they directly commit the crime or knowingly "aid or abet" its commission, shall be treated in the same way.
>
> . . . .
>
> If you find the State has proved a defendant directly committed the crime, or knowingly "aided or abetted" the other person in the commission of the crime, then that defendant is guilty of the crime charged.

*See State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988) (noting that when a defendant does not object to a jury instruction, "the instruction, right or wrong, becomes the law of the case" (citation omitted)).

the door's peephole. We conclude there was evidence in the record, drawing all legitimate inferences to support the verdict both that (1) Stock was not given permission to enter and (2) that he and Deitrick worked together to get Stock into the room. *See State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022) ("'[A]id and abet' means to knowingly approve and agree to the commission of a crime, either by active participation in it or by knowingly advising or encouraging the act in some way before or when it is committed."). On top of all of that evidence, the motel video shows Deitrick and Stock *reenter* the motel room after the two occupants had fled, showing their joint participation in the crimes. Based on the record evidence, a rational fact finder could determine that Deitrick helped Stock enter the motel room without permission, which is itself substantial evidence to support that prong of his burglary conviction.

*b. Intent to commit a theft.*

Deitrick next argues the State failed to prove he entered the motel room with the specific intent to commit a theft. Instead, he argues, he and Stock entered to "collect the money rightfully owed to Stock." But our court has long denounced this "vigilante self-help" brand of justice, otherwise known as a "claim-of-right" defense, in burglary and robbery cases. *State v. Miller*, 622 N.W.2d 782, 785 (Iowa 2000). This defense—codified in Iowa Code section 714.4—by its own terms applies only to a theft charge; the law "does not condone the invasion of the sanctity of another's home to regain property rights[] when viable legal channels exist to effect a remedy." *Id.* at 787. Without this defense to rest on, then, we find substantial evidence supports Deitrick's specific intent to commit a theft, and therefore his burglary and robbery convictions.

**III. Conclusion.**

Substantial evidence supports that Deitrick aided and abetted Stock's unpermitted entry into the motel room. And because the claim-of-right defense is unavailable in a burglary, sufficient evidence supports his specific intent to commit a theft. Thus, we affirm Deitrick's convictions.

**AFFIRMED.**