**IN THE COURT OF APPEALS OF IOWA**

No. 17-1290
Filed August 1, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LEON CHEVELLE ANDERSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buchanan County, Bradley J. Harris,

Judge.

        A defendant appeals from a conviction for second-degree burglary.

**AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.

        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Leon Anderson appeals from his conviction of second-degree burglary, claiming there is insufficient evidence to show he entered an occupied structure without right, license, or privilege to enter. Because substantial evidence supports the conviction, we affirm.

## I. Background Facts and Proceedings.

In December 2016, James Johnson and Stephanie Hubbell moved into an apartment in which Ashley Musick also resided. Anderson lived in a separate building within the same apartment complex. Anderson had Musick's permission to enter her apartment when no one was present to clean and take care of Musick's dog. Anderson was a frequent visitor to Musick's apartment, and Johnson had allowed Anderson inside the apartment on at least one occasion when Musick was not home.

Early in January 2017, Anderson offered his own apartment as a place for Johnson and Hubbell to stay because Musick's apartment was overcrowded. Johnson and Hubbell stayed several nights at Anderson's apartment before returning to Musick's apartment on January 12, 2017. Johnson and Hubbell decided to return to Musick's apartment after Hubbell accused Anderson of trying to kiss her and Johnson discovered Anderson was a registered sex offender. Johnson went to Anderson's apartment to tell him why he and Hubbell had decided not to return to his apartment and to retrieve clothing they left behind when they had moved back to Musick's apartment. At the news, Anderson became angry

and demanded to speak to Hubbell.  Johnson returned to Musick's apartment to talk with Hubbell.

Later the same day, from inside Musick's apartment, Johnson saw Anderson angrily walking from his apartment building towards Musick's.  Johnson went to the front door of Musick's apartment and, from inside the apartment without opening the door, told Anderson to go back to his apartment.  While talking to Anderson, Johnson placed his foot against the bottom of the front door in an effort to keep the door closed because the lock was broken.  Despite Johnson's attempts to keep the door closed, Anderson forced his way into the apartment to confront Hubbell.  Johnson placed himself in front of Anderson to keep him from approaching Hubbell.  Anderson grabbed Johnson by the neck and held a pocket knife against his side, threatening to "cut [Johnson] open."  After several more threats, Anderson released his hold on Johnson and left Musick's apartment.

Anderson waived his right to a jury; after a bench trial, the court found him guilty of second-degree burglary.  Anderson appeals.

## II.  Standard of Review.

We review challenges to the sufficiency of the evidence for correction of errors at law.  *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017).  A verdict of guilty will be upheld if it is supported by substantial evidence.  *Id.*  Substantial evidence exists when a rational trier of fact would be convinced the defendant is guilty beyond a reasonable doubt.  *Id.*  To determine whether a finding of guilt is supported, all relevant evidence is viewed in the light most favorable to the State.  *Id.*

### III. Discussion.

Anderson claims on appeal the evidence presented at trial was insufficient to establish as a matter of law he entered Musick's apartment without right, license, or privilege.

Burglary is defined under Iowa statute as:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure, commits burglary.

Iowa Code § 713.1 (2017).

"Burglary laws are based primarily upon a recognition of the dangers to personal safety created by the usual burglary situation . . . [and] are primarily designed . . . to forestall the germination of a situation dangerous to personal safety." *State v. Pace*, 602 N.W.2d 764, 768 (Iowa 1999) (citations omitted); *see also State v. Peck*, 539 N.W.2d 170, 173 (Iowa 1995) ("Application of our burglary law in these circumstances will tend to . . . promote security in the home.").

To prove burglary, the State must show Anderson did not have the right, license or privilege to enter Musick's apartment at the time of the alleged burglary. *See* Iowa Code § 713.1; *State v. Franklin*, 368 N.W.2d 716, 718 (Iowa 1985). A person exercises a lawful right, license, or privilege to enter an occupied structure when the individual has a possessory or occupancy interest in the premises at the time of entry. *State v. Hagedorn*, 679 N.W.2d 666, 670 (Iowa 2004). A possessory or occupancy interest may originate from a resident's acquiescence or implied consent to the individual's presence. *State v. Lane*, No. 14-1449, 2015 WL

8388361, at *7 (Iowa Dec. 9, 2015) (citing *State v. King*, 344 N.W.2d 562, 563 (Iowa Ct. App. 1983)). A person with a general occupancy interest may still be guilty of burglary if "[they] exceed[ their] rights either with respect to the time of entering or the place into which [they] enter[]." *Peck*, 539 N.W.2d at 173 (citations omitted).

Anderson claims he entered the apartment with right, license, or privilege because Musick gave him unrestricted access to the apartment to clean and provide care for her dog. Anderson argues because Musick had originally granted Anderson permission to be in her apartment and had not placed limitations or revoked his access to the apartment, Anderson had a general privilege to be present in the apartment and his entry was lawful. *See State v. Walker*, 600 N.W.2d 606, 608 (Iowa 1999) (stating a privilege for entry can be founded on an inference of consent to a defendant's presence); *see also King*, 344 N.W.2d at 563 (finding implied consent to defendant's presence sufficient to rebut the element of entry without consent). Anderson's argument misses the mark because any general right to enter had been revoked before he pushed into the apartment.

The burglary statute requires us to focus on whether the occupants of the apartment had revoked or refused Anderson's right to enter at the time of entry. Burglary is a crime against the security of habitation or occupancy, not property rights. *Pace*, 602 N.W.2d at 768; *accord State v. Miller*, 622 N.W.2d 782, 787 (Iowa Ct. App. 2000). Musick testified Johnson and Hubbell lived with her. Musick also testified Johnson and Hubbell had the right to refuse Anderson entry into the apartment. This was substantial evidence showing Johnson and Hubbell were

occupants of Musick's apartment when Anderson entered the apartment. *See Peck*, 539 N.W.2d at 173 (holding an occupant of the home is one who has the ordinary right to enter).

Substantial evidence also showed Johnson and Hubbell had revoked any right Anderson may have had to enter Musick's apartment on January 12. Johnson told Anderson to "[g]o back to [his] house." Johnson also attempted to bar the door from the inside with his foot and physically prevent Anderson from entering the apartment. *See Walker*, 600 N.W.2d at 610 ("[T]he defendant's privilege to be on the premises has been withdrawn where the actions of the person giving permission to enter reasonably indicate to the defendant that such permission has been revoked.").

To gain entry, Anderson had to physically force his way into the apartment through the resistance offered by Johnson while also ignoring verbal denials of entry. Anderson's prior entries and general right to enter the apartment was not an irrevocable license to ignore the wishes of the occupants. *See Hagedorn*, 679 N.W.2d at 670 (stating previous ownership and access to a structure did not bestow an absolute right of entry superseding the wishes of the current occupant); *Peck*, 539 N.W.2d at 173 (holding an individual may be convicted of burglary for entering or remaining in a place beyond their authority despite holding a greater right of possession).

Viewed in the light most favorable to the State, substantial evidence supports Johnson and Hubbell were occupants of the apartment and had revoked Anderson's access to the apartment at the time of his entry. Thus, Anderson

entered the apartment with no right, license, or privilege to enter, and his conviction for burglary in the second degree is affirmed.

**AFFIRMED.**